171 So.2d 602 (1965)
Alice S. RENNINGER, Appellant,
v.
FOREMOST DAIRIES, INC., a New York corporation, Appellee.
No. 64-459.
District Court of Appeal of Florida. Third District.
February 9, 1965.
Rehearing Denied March 2, 1965.
*603 Julius H. Erstling, So. Miami, and Emanuel Levenson, Miami, for appellant.
Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The plaintiff, appellant, claimed an injury as a result of the breaking of a one-gallon milk bottle. The bottle was one in which defendant, appellee, offered its milk for sale. The cause proceeded to trial and the plaintiff received a verdict from the jury. The trial judge entered final judgment for the defendant in accordance with defendant's motion for directed verdict made at the conclusion of the testimony and also granted a new trial pursuant to defendant's motion. This appeal is from the final judgment and order granting a new trial. We reverse and direct entry of judgment for the plaintiff upon the jury verdict.
Plaintiff's action was upon the theory of implied warranty. The complaint alleged that the bottle was not reasonably safe or fit for the purpose for which it was intended. There is no controversy as to how the accident happened because all of the evidence adduced as to liability was uncontroverted. The evidence reveals that on Saturday, May 12, 1962, at about 12:00 noon the plaintiff was shopping at Frederichs Market in Miami. She stopped at a longlow dairy case to buy some milk and in the process lifted a gallon bottle of defendant's milk out of the dairy case. As she was lifting the bottle to her shopping cart, it parted so that she was left with the top part in her hand. The bottom part of the bottle with the one gallon of milk fell, severely injuring the plaintiff's foot.
The plaintiff testified that she did not notice any defect or crack in the bottle as she picked it up and that she did not strike it against any object. Defendant's route salesman testified that he made two deliveries to the market in question, one between 8:30 and 9:00 a.m. and the other between 2:00 and 3:00 p.m., on the day of the accident. He filled the customer's case with milk and then filled a storage box in the rear of the store. He testified that sometimes employees of the store took milk from the storage box and place it in the customer box. This witness testified that bottles occasionally broke in his truck but that he was careful not to place a damaged bottle in the case. He further established that a gallon bottle filled with milk weighs between 8 1/2 and 9 pounds. With this evidence before it, the jury found for the plaintiff.
The only question presented on this appeal is whether or not the facts as outlined above were sufficient to establish liability to the customer, plaintiff, by the dairy company which was the supplier of the bottled milk. The law of products liability is one that has been frequently considered in Florida. The basis of liability in such cases is well expressed in Cliett v. Lauderdale Biltmore Corporation, Inc., Fla. 1949, 39 So.2d 476:
"These cases establish the principle that as to items of food or other products in the original package which are offered for sale for human consumption or use generally, a person who purchases such items in reliance upon the express or implied condition or assurance that they are wholesome and fit for the uses or purposes for which they are advertised or sold, and who is injured as the result of unwholesome or deleterious substances therein which are unknown to the buyer, may hold either the manufacturer or the retailer liable in damages for injuries sustained by him, on the theory of an implied warranty of wholesomeness or fitness of such article or product *604 for the purposes for which it was offered to the public." 39 So.2d at 477.
For a discussion of the subject, see Implied Warranty in Florida, 12 U.Fla.L.Rev. 241 (1959).
In Canada Dry Bottling Co. v. Shaw, Fla.App. 1960, 118 So.2d 840, it was recognized that the implied warranty of fitness may include the container or bottle in which the product is offered for sale. Accordingly, the purchaser of a bottle of milk is entitled to rely on the bottler to the extent that the container in which the product is packaged will be reasonably fit for the purpose for which it was intended. The presumption is that under normal circumstances, a milk bottle that is not defective will not burst. With this as a premise, the determinative question resolves itself to whether the jury could have properly found from the facts set forth above that the bottle was defective and, if so, was the defendant responsible for such defect.
The defendant agrees with the plaintiff that the bottle was defective at the time that it was picked up by the customer, plaintiff, and that such defect is the only reasonable explanation of the accident. The defendant urges, however, that its responsibility for the bottle terminated with the delivery to the store of the milk bottle in a sound condition and that there is nothing in the record upon which the jury could find that the bottle was defective at the time it was delivered. The defendant contends that it was not permissible for the jury to infer that the bottle was delivered in a defective condition because there are other reasonable inferences to be drawn from the circumstances. For example, it is suggested that the bottle may have been cracked or otherwise damaged by an employee of the store in replenishing the customer's milk box, or that the bottle may have been damaged by another customer in removing or examining one of the bottles of milk.
The rule is that when circumstantial evidence is relied upon in a civil case as a method of proof, any reasonable inference deducible therefrom which would authorize recovery must outweigh each and every contrary reasonable inference if the plaintiff is to prevail. Furthermore, an inference may not be founded upon an inference except when the first inference may be elevated to the dignity of an established fact because of no contrary reasonable inferences. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403.
The jury in returning a verdict for the plaintiff necessarily must have found that the bottle of milk was defective at the time it was delivered by the defendant to the store. We do not think that such a conclusion constituted the finding of an inference upon an inference because the first inference, to wit, that the bottle was defective when it parted and fell on the plaintiff's foot, is the only reasonable inference that can be drawn from the circumstances. See Food Fair Stores v. Patty, Fla. 1959, 109 So.2d 5, and Food Fair Stores v. Trusell, Fla. 1961, 131 So.2d 730. Furthermore, we think that the defendant may not avail itself of the theory that a store employee or another customer, by moving the bottles, caused the defect because to accept this theory would be to accept the proposition that a supplier may use a package so fragile that anticipated use is likely to create a dangerous condition. In addition, the possibility that the defect was caused by an unusual circumstance such as a third party striking the bottle with or upon a sharp or heavy object is so remote as to not constitute a reasonable explanation for the existence of the defect.
Having accorded to the verdict the presumption of correctness to which it is entitled in the light most favorable to the plaintiff, we conclude that the verdict is supported by the evidence and that the trial judge erroneously set it aside. The judgment for the defendant is reversed with directions to enter judgment upon the verdict of the jury.
*605 The trial judge in granting the defendant's motion for new trial based his order upon the ground that the verdict was erroneous and resulted from a failure to grant the defendant's motion for directed verdict made at the conclusion of the plaintiff's case and at the conclusion of all the evidence. This Court on an appeal from an order granting a new trial is limited to a review of the grounds set forth for such order by the trial judge. Bach v. Miami Transit Company, Fla.App. 1961, 129 So.2d 706. Having concluded that the verdict was supported by the evidence, we must reverse the order granting the new trial.
Reversed.
HENDRY, J., dissents.