CARROLL, DONALD. K., Judge.
The plaintiff in an action on implied warranty against the manufacturer of a soft-drink six-pack carton has appealed from an order entered by the Circuit Court for Bay County, dismissing with prejudice her third amended complaint.
The sole question presented for our determination in this appeal is whether the plaintiff in her said complaint has sufficiently stated a cause of action on implied warranty against the said defendant [Isaac Byrd, d/b/a Byrd & Son Bottling Co.)— particularly in view of her failure to allege therein that privity of contract existed between her and the said defendant at the time she purchased the soft drinks and the said carton.
Actually, this action was also brought against two other defendants — C. M. Kelly, who is alleged to be engaged in a retail business under the name of Kelly’s Open Air Market, located in Panama City, Bay County, Florida, and the Seven-Up Bottling Company, a foreign corporation engaged “in the business of manufacturing and selling and furnishing to its distributors the ingredients and supplies for the purpose of manufacturing and merchandising Seven-Up Soft Drinks.”
The record before us, however, does not reveal what pleadings, if any, the defendants Kelly and Seven-Up Bottling Company filed against the plaintiff’s third amended complaint, and consequently we are not called upon herein to pass upon, and so we do not pass upon, the question whether that complaint states a cause of action against the said two defendants. It was the defendant Byrd’s motion to dismiss the said complaint that was granted in the order appealed from herein.
In her third amended complaint the plaintiff alleges that on March 26, 1964, she went to the said Kelly’s Open Air Market and there Kelly sold her a carton of six Seven-Up soft drinks “which had been bottled, manufactured, assembled and packaged by the defendant, Byrd & Son Bottling Company and distributed to the defendant Kelly by the defendant Byrd, as a finished product, ready for retail sale. That said Seven-Up drinks were packaged by the defendant Byrd as a finished product, namely, ‘a carton of six seven ups’, ready for retail sale” and, furthermore:
“That the defendants impliedly warranted that said carton was reasonably fit for the general purpose for which it *570 was provided and sold, namely, for the purpose of carrying Seven-Up Soft Drinks. In fact, however, the said carton was not fit for the general purpose for which it was provided and sold to plaintiff and in fact was defective, dangerous and unsafe. That the defective condition of said carton was latent, that the defendants had a superior opportunity to inspect and discover said defect. That said defendants warranted that said carton was fit and safe for the purpose for which it was designed and sold. That plaintiff relied upon the skill and judgment of the defendants. Upon paying for said Seven-Up Drinks, the plaintiff took the carton by the handle provided on the carton, for the purpose of carrying, and then and there was utilizing said carton for the general purpose for which it had been provided and sold to plaintiff when the bottom of the carton gave way and one of the Seven-Up drinks fell through the bottom of the carton and struck plaintiff on her left foot, breaking it.”
Finally, the plaintiff alleges the injuries which she has suffered “as a direct and proximate result of said defective carton” and demands judgment in excess of $10,000.
To the foregoing complaint the defendant Byrd filed a motion to dismiss on the grounds that the complaint fails to state a cause of action or claim for relief, that there are no allegations of negligence or dereliction of duty on the part of the defendant Byrd, that there exists “no implied . warranty between this defendant and the plaintiff,” and that there exists “no privity of contract between this defendant and the plaintiff.” Upon hearing the defendant Byrd’s said motion, the Circuit Court entered the order appealed from herein, ordering that “the Complaints filed against the defendant Isaac Byrd, d/b/a Byrd & Son Bottling Company be, and the same are hereby dismissed with prejudice.”
It is clear that the plaintiff’s said complaint is based upon the theory of implied warranty as to the fitness of the six-pack carton, rather than upon the theory of negligence or some other cause of action. It is equally clear that she fails to allege in her complaint that any privity of contract existed between her and the defendant Byrd at the time she made the purchase.
It is not so clearly alleged in the complaint, however, as to the exact relationship between the defendant Byrd and the allegedly defective carton. The plaintiff alleges in her complaint that Byrd “has the Seven-Up Company franchise in Bay County, Florida, and is engaged in the business of bottling, distributing, packaging, merchandising and the overall manufacture of seven-up soft drink products for sale in the area of Bay County, Florida,” that the carton of six Seven-Up soft drinks sold to her by Kelly “had been bottled, manufactured, assembled and packaged by the defendant Byrd & Son Bottling Company and distributed to the defendant Kelly by the defendant Byrd, as a finished product, ready for retail sale,” and that the said Seven-Up drinks “were packaged by the defendant Byrd, in a pasteboard carton and delivered to the defendant Kelly as a finished product, namely, ‘a carton of six seven-ups,’ ready for retail sale. That said pasteboard carton was incorporated in and was an integral part of the finished product.” We think that the fair intendment of these quoted allegations is to aver that the defendant Byrd was the manufacturer of the carton alleged to have been defective, and we shall assume that such is the averment in our discussion below of the law applicable in this appeal.
The question whether privity between a consumer and the manufacturer of a product is essential to establish the latter’s liability in an action for breach of implied warranty lies in one of the most controversial and developing areas of the law in this and other jurisdictions. In our discussion below of this development we are aided by the excellent case comment by John C. Spencer in the Summer, 1966, issue of *571 the University of Florida Law Review, Vol. XIX, pp. 193-197.
For many years the Florida courts required such privity in an action on implied warranty. In more recent years, however, the courts of Florida, following the trend in other jurisdictions, recognized an exception to the rule requiring privity — when the product in question was a foodstuff or a dangerous instrumentality. Until 1965, when the Bernstein case, discussed below, was decided by the Florida Supreme Court, however, the rule was not clear as to whether privity is necessary for an action on breach of implied warranty for products that are neither foodstuffs nor dangerous instrumentalities.
In Lily-Tulip Cup Corporation v. Bernstein, 181 So.2d 641 (1966), the Supreme Court of Florida stated that the question before it for decision was “whether privity of contract is required to support an action by a consumer against a manufacturer for breach of implied warranty of a product that is neither a dangerous instrumentality nor a foodstuff.” The Supreme Court then said:
“In the decision under review the District Court held that privity is not an essential element of the cause of action. Bernstein v. Lily-Tulip Cup Corporation, Fla.App.1965, 177 So.2d 362.
“We have carefully reviewed the opinion submitted to us. It is in accord with the law of this jurisdiction. We, therefore, approve the opinion of the District Court in all respects. The writ is discharged.”
The District Court of Appeal, Third District of Florida, in its opinion in Bernstein v. Lily-Tulip Cup Corporation, 177 So.2d 362 (1965), which opinion was thus approved by the Supreme Court as “in accord with the law of this jurisdiction,” reviewed previous Florida decisions concerning the requirement of privity to support an action on implied warranty, and finally held:
“We fully recognize that the Florida law has not reached the point where the doctrine of privity has been removed in all suits based upon implied warranty. However, upon our review of the law we conclude that privity no longer obtains in an implied warranty suit by a consumer against a manufacturer.”
In this Bernstein case the plaintiff wife, while a patient in a hospital, was served a hot drink in a paper cup manufactured by the defendant, Lily-Tulip Cup Corporation. The body of the cup came apart from the handle, causing the hot contents to spill on the said plaintiff, scalding her. The plaintiffs filed a complaint seeking damages on the theories of negligence and breach of implied warranty. On the defendant’s motion the trial court struck the implied warranty count on the theory that no privity of contract existed between the parties, the trial court noting that since the product causing the injury was neither a foodstuff nor inherently dangerous, privity between the parties was required. The judgment was appealed to, and reversed by, the Third District Court of Appeal, whose opinion, as mentioned above, on certiorari was approved by the Florida Supreme Court.
On the authority of the Supreme Court’s decision in Bernstein v. Lily-Tulip Cup Corporation, supra, we hold that in the case at bar it was not necessary for the plaintiff to allege in her third amended complaint that privity of contract existed between her and the defendant Byrd, the manufacturer of the six-pack carton which she alleges was defective. We also hold that, since the allegation of such privity was not required, she has sufficiently alleged in her said complaint all of the elements of a cause of action for breach of implied warranty against the defendant Byrd. While we recognize that the allegations of the plaintiff’s complaint are rather vague concerning the nature of the defect in the said carton and the other events involved in the plaintiff’s cause of action, the defense should not be handicapped or prejudiced thereby in preparing for trial, because of the ample pre-trial remedies (especially dis *572 covery procedures) afforded by the Florida Rules of Civil Procedure to all parties to secure full information regarding the nature of the plaintiff’s claim and of the defense thereto.
This opinion is, of course, founded upon the premise that the allegations of the plaintiff’s complaint, although vague and indefinite, intend to allege and in fact are construed to allege that the defendant Byrd was the manufacturer of the cardboard carton in which were packaged the carbonated beverages purchased by the plaintiff. The allegations of the complaint admit that the defect in the carton which permitted one of the bottles to fall and strike the plaintiff’s foot causing the injuries for which damages are claimed was latent in character and not discoverable by ordinary inspection. The complaint further admits that there is no privity of contract between the defendant Byrd and the plaintiff.
The burden, therefore, will rest upon the plaintiff to establish at the trial that the defendant Byrd was in fact the manufacturer of the defective carton which caused the injuries suffered by the plaintiff. It is our view that, if the evidence discloses that the carton was manufactured by someone other than Byrd and merely used by this defendant in packaging its carbonated beverages for distribution to the retailer, Kelly, no cause of action on the theory of implied warranty will be proved against the defendant Byrd, nor will there be any basis for liability on the part of the said defendant for the damages suffered by the plaintiff.
As we emphasized earlier in this opinion, however, because of the posture of this appeal nothing we say herein should be taken as an expression, one way or the other, of our views on the question whether in her said complaint the plaintiff states a cause of action against either the defendant Kelly or the defendant Seven-Up Bottling Company.
Because of our holding above that the plaintiff’s third amended complaint states a cause of action for breach of implied warranty against the defendant Byrd, there is no need for us to pass upon the other points raised by the appellant in this appeal.
For the foregoing reasons the order appealed from herein must be and it is reversed, and this cause is remanded with directions for further proceedings consistent with the views expressed in this opinion.
Reversed and remanded with directions.
WIGGINTON, C. J., concurs.
SACK, J., concurs in reversal but dissents from the opinion.