256 So.2d 392 (1972)
Inesse REESE and Clyde A. Reese, Jr., Her Husband, Appellants,
v.
FLORIDA COCA-COLA BOTTLING COMPANY, a Corporation, Appellee.
No. P-5.
District Court of Appeal of Florida, First District.
January 13, 1972.
Clyde A. Reese, Jr., and James M. McLean, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellants.
John F. Corrigan and Calvin E. Hayden, of Jennings, Watts, Clarke & Hamilton, Jacksonville, for appellee.
PER CURIAM.
Appellants seek reversal of an adverse judgment in appellee's favor following a jury trial in a breach of implied warranty action. The question presented for our consideration is whether the judgment is contrary to law in that the verdict upon which it is based is contrary to the manifest weight of the evidence.
This is an action for damages arising from personal injuries suffered by plaintiff when a bottle of Coca-Cola, which she was in the act of purchasing from a retail food store, broke and exploded, cutting her leg just above the ankle. Plaintiff sought to establish by proof offered at trial that the bottle containing the Coca-Cola manufactured by defendant was defective when delivered by it to the food store, which defect *393 caused the bottle to explode and break as she was manually carrying it in a six-pack carton from the display stack to the checkout counter in the store. Plaintiff premises her cause of action upon the theory that defendant breached its implied warranty of fitness by packaging its product in a defective container and delivering it to the food store for sale to retail customers and that, because of such breach, it is liable to her for the damages she suffered.
In the case of Canada Dry Bottling Company v. Shaw[1] plaintiff purchased a bottle of Canada Dry club soda from a retail food store. When she attempted to open the bottle, it broke in her hand causing injuries. She sued both the bottling company who manufactured and bottled the beverage and the retail food store from which her purchase was made, grounding her cause of action on the theory of breach of implied warranty. In affirming the verdict rendered in her favor by the jury, the Second District Court of Appeal held that the implied warranty of fitness for the use intended which applies to products intended for human consumption applies with equal force to bottles containing beverages which are sold to the consuming public for its use. Although that part of the holding by the District Court which affirmed the judgment against the retail food store was later disapproved by the Supreme Court in Foley v. Weaver Drugs,[2] the judgment against the bottling company was left undisturbed.
In Renninger v. Foremost Dairies[3] the doctrine of implied warranty of fitness was applied to a bottle containing milk produced by Foremost and delivered to a food store for retail sale to the public. In that case the plaintiff lifted a one-gallon bottle of milk from the dairy case preparatory to placing it in her shopping cart when the bottle parted, causing the lower section to fall and severely injure her foot. A verdict rendered in favor of plaintiff was affirmed by the Third District Court of Appeal which did so in reliance upon the principle announced by the Second District Court of Appeal in the Canada Dry Bottling Company case, supra. The evidence was of such a nature that the jury was justified in finding that the milk bottle was defective when delivered by the dairy to the food store, which defect was the proximate cause of the bottle breaking causing the resultant damages to plaintiff.
From the foregoing decisions the law appears to be established in this state that if the bottler or manufacturer of a product intended for human consumption packages its product in a glass container and the product is such that it cannot be ordinarily consumed without at the same time handling and using the container itself, then the manufacturer or bottler impliedly warrants that the container is reasonably fit for the purpose for which it is intended. Under such circumstances if a defect is shown to be the cause of the container breaking or exploding, then liability for any damages suffered by a purchaser of the product may be imposed on the manufacturer or bottler.
In the case sub judice the evidence adduced by the plaintiff reveals that during regular business hours she approached the Coca-Cola display stack inside the retail food store for the purpose of purchasing a six-pack carton of Coca-Colas. There were only two cartons within her easy reach from the aisle, one of which contained only five bottles and the other containing only three. Plaintiff removed one of the bottles from the three-bottle carton and placed it in the carton containing five bottles in order to make up a full *394 carton which she desired to purchase. She lifted the carton from the display stack and started walking toward the checkout counter. After walking a distance of only about ten feet, one of the bottles in the carton exploded causing glass to shatter and cut her leg above the ankle. She did not strike the carton of bottles against any other object, nor did she handle it in any way which could have caused one of the bottles therein to explode. When the first employee of the store arrived at the scene, he found the carton sitting on the floor containing five full bottles of Coca-Cola and the broken bottom part of the sixth bottle in which fluid still remained. The carton was unbroken and fragments of glass were on the floor around the scene. The top of the broken bottle with the cap still in place was found near a display case several feet away from where the accident occurred.
If the foregoing were the only evidence found in the record, we would have no hesitancy in reversing the judgment on the ground that the verdict is contrary to law. The facts adduced by plaintiff, standing alone, were wholly sufficient to bring her case within the doctrine of implied warranty of fitness entitling her to a judgment for the damages suffered. Such, however, is not the case.
The assistant store manager testified as a witness on behalf of the defendant bottling company. He stated that he was sitting in his office a short distance from where the accident occurred when he heard the sound of glass breaking which was immediately followed by the sound of an explosion and the crash of glass. He explained that in his opinion the first sound he heard was caused by a bottle striking the floor and breaking and that the second and different sound was caused when the bottle exploded from the carbonated gas inside it after it broke when striking the floor. He testified that he had considerable experience in instances similar to this and was familiar with the difference between the sound a bottle makes when it merely breaks and shatters, and the kind of sound which occurs when a beverage bottle explodes because of the carbonated gas inside it. From this testimony the jury could reasonably have concluded that for some unknown reason the carton of Coca-Colas slipped or was dropped from plaintiff's hand onto the floor in such a way that the broken bottle was the one which received the impact of the fall, causing it to break and immediately explode. If such conclusion was indulged by the jury, it would be tantamount to a finding that the broken bottle was not defective when delivered by the bottler to the retail food store and that it broke and exploded from causes other than a defect for which defendant would be liable under the implied warranty doctrine.
It was the province of the jury to resolve the conflicts in the evidence and to make judgment on the credibility of the witnesses testifying before it. The able trial judge who presided at the trial considered and denied appellants' motion for new trial. In so doing he necessarily found in the evidence genuine issues of fact which were properly resolvable by the jury and that the verdict was supported by competent and substantial evidence. Appellants have failed to so clearly demonstrate that the denial of their motion for a new trial constitutes an abuse of discretion as to warrant reversal.[4]
Because of the foregoing we are unable to agree with appellants' contention that the verdict is contrary to law or the manifest weight of the evidence to such an extent as to require that the verdict be set aside and a new trial granted. The judgment appealed is accordingly affirmed.
SPECTOR, C.J., and CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Canada Dry Bottling Company of Florida v. Shaw, 118 So.2d 840 (Fla.App. 1960).
[2] Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[3] Renninger v. Foremost Dairies, Inc., 171 So.2d 602 (Fla.App. 1965).
[4] Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).