279 So.2d 901 (1973)
Katherine SCHUESSLER, Appellant,
v.
COCA-COLA BOTTLING COMPANY OF MIAMI, D/B/a Palm Beach Coca-Cola Bottling Company, and Winn-Dixie Stores, Inc., a Florida Corporation, Appellees.
No. 72-582.
District Court of Appeal of Florida, Fourth District.
June 29, 1973.
Rehearing Denied July 30, 1973.
*902 Guy C. Hill, of Heuer & Albury, West Palm Beach, for appellant.
Wallis E. Schulle, of Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellee, Coca-Cola.
John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for appellee, Winn-Dixie.
REED, Chief Judge.
The broad issue on this appeal is whether the trial court erred in granting defendants' motions for directed verdict on plaintiff's claim for damages for a breach of an implied warranty of merchantability. More precisely we must decide whether, on the facts of this case, either or both defendants is burdened with an implied warranty of merchantability with respect to a cardboard carton enclosing six 16-ounce bottles of Coca-Cola taken for purchase by the plaintiff from a shelf in a grocery store operated by the defendant Winn-Dixie Stores, Inc., and, if so, whether the plaintiff presented sufficient evidence to authorize a jury to find, as a matter of fact, that a breach of such warranty had occurred.
The amended complaint which was filed in the Circuit Court for Palm Beach County charged that on 7 September 1968 the plaintiff bought the carton of Coca-Colas from a grocery store operated by the defendant Winn-Dixie in West Palm Beach. According to the complaint, the Coca-Cola was bottled and packaged by defendant Coca-Cola Bottling Company in Miami, and distributed by it to the store operated by defendant Winn-Dixie. When plaintiff lifted the carton from the display rack in the store, the bottom of the carton allegedly failed and as a result one bottle dropped to the floor, broke, and caused injury to the plaintiff. Defendant Winn-Dixie admitted the purchase and the fact that the drinks were bottled, packaged and supplied to it by the co-defendant, ready for retail sale. Defendant Coca-Cola Bottling Company denied all essentials of the complaint. At the close of the plaintiff's evidence the trial court granted defendants' motions for directed verdict on the implied warranty counts and submitted the case to the jury only on issues of negligence. The jury returned a verdict for the defendants, final judgment was entered, and this appeal followed.
At trial, the plaintiff testified that on 7 September 1968 at defendant Winn-Dixie's store she picked up a paper carton containing six 16-ounce bottles of Coca-Cola. The carton was on the bottom shelf of a display counter. When she had lifted the carton to about knee height, the accident occurred in the manner described in the complaint. The plaintiff testified that she did not tilt the carton as she lifted it. She stated she saw no hole in the bottom of the carton, either before or after the accident, but denied having examined the carton to determine the presence of any such defect.
The gentleman who managed the Winn-Dixie store at the time of the accident testified that the Coca-Cola, bottled and packaged, was placed on the shelf by a salesman for the co-defendant. The manager testified that after the accident, he examined the carton plaintiff had picked off the *903 shelf and could not recall seeing any defect in it. Unfortunately the carton was disposed of by the store's clean-up crew.
The only witness connected with the defendant Coca-Cola Bottling Company was the route salesman who supplied the drinks to the store. His testimony simply revealed that Coca-Cola Bottling Company supplied its co-defendant with Coca-Cola bottled, packaged, and ready for retail sale. No testimony indicated who actually manufactured the paper carton in which the bottles were packaged.
The question of the defendants' liability for an implied warranty of merchantability should be discussed separately as to each. The case of Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221, would be controlling as to the retailer, Winn-Dixie, but for the statute hereafter mentioned. In Foley, the high court held that public necessity does not require the imposition of an implied warrant of merchantability on a retailer with respect to a glass bottle containing diet pills where the container was unrelated to and had no deleterious effect on the consumable within. The court said:
"We are not persuaded that considerations of public policy require us to extend to food containers the `implied warranty' liability of retailers as to the food contained therein; on the contrary, we are of the opinion that it would be unreasonably burdensome to extend liability in this respect." ...
The Uniform Commercial Code became effective on 1 January 1967. It contains the following provision which governs the liability of the retail seller in the present case:
(Section 672.2-314)
"(1) ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind... .
"(2) Goods to be merchantable must be at least such as:
* * * * * *
"(e) Are adequately contained, packaged, and labeled as the agreement may require; and
* * * * * *
(Emphasis supplied)."
This statute imposes on the retailer a warranty of merchantability which covers not only the product which is the object of the sale, but the adequacy of the container and its packaging  which in this case would include the paper carrying carton. Whether a product is adequately contained and packaged within the requirement of the statute would depend on whether at the time of the purchase the container and packaging were reasonably suited for their ordinarily intended function. This is a fact question for the jury where legally sufficient evidence is presented.
While the evidence in the present case is weak at best, we hold that the plaintiff's testimony as to the manner in which she picked up and moved the carton will support a reasonable inference that the bottle departed the carton via a hole in the bottom. Should the jury draw that inference, it would certainly be required by law to find the container and packaging inadequate. For the foregoing reasons we conclude that the trial court erred in granting the motion of the retailer for a directed verdict.
Section 672.2-314, F.S. 1971, F.S.A., does not appear to govern the rights and duties as between a retail buyer and a remote seller with whom the buyer has no privity of contract. This is the necessary implication of the emphasized language in the first sentence of the statute quoted above when the same is read in pari materia with § 672.2-318. We must, therefore, decide the liability of the defendant Coca-Cola Bottling Company by reference to case law, bearing in mind that this record *904 establishes that defendant Coca-Cola Bottling Company did no more than furnish the drink, bottled and packaged, to the retailer.
Under the present state of our case law the bottler of a beverage intended for human consumption impliedly warrants to the ultimate consumer that the beverage is reasonably fit for that purpose, Florida Coca-Cola Bottling Co. v. Jordan et al., Fla. 1953, 62 So.2d 910, and likewise warrants, as of the time it leaves the bottler's possession, the soundness of the bottle containing the beverage. Canada Dry Bottling Company of Florida v. Shaw, Fla. App. 1960, 118 So.2d 840; Renninger v. Foremost Dairies, Inc., Fla.App. 1965, 171 So.2d 602; Reese v. Florida Coca-Cola Bottling Company, Fla.App. 1972, 256 So.2d 392. But so far as our research reveals, only one Florida appellate court opinion has considered the question of whether a bottler impliedly warrants to a remote buyer the merchantability to a secondary container such as the carton involved here. In Gay v. Kelly, Fla.App. 1967, 200 So.2d 568, the First District Court of Appeal held that such a warranty could be imposed on the bottler in favor of one not in privity, only if the bottler actually manufactured the carton.
It would seem to us to be more sound to predicate the bottler's responsibility on the reasonable needs of the consumer rather than the bottler's status as a manufacturer. Except where statutes intervene, implied warranties of fitness and merchantability have been recognized from time to time by decisional law as a matter of public policy to meet the needs of the consumer. (Hence the term "implied warranty" is often of a misnomer.) As the court put it in Blanton v. Cudahy Packing Co., 1944, 154 Fla. 872, 19 So.2d 313, 316:
"... The rationale of the implied warranty theory of liability is in effect that the right of recovery by injured consumers ought not to depend upon or turn on the intricacies of the law of sale nor upon the privity of contract, but should rest on right, justice and welfare of the general purchasing and consuming public."
* * * * * *
Evaluating the present facts in light of the above it appears to us that: (1) the secondary container was readily subject to examination for soundness by the buyer who, therefore, had no need to rely on the bottler; (2) the carton was provided as a convenience only, and the consumer was required to handle or use it in order to use the consumable product, and (3) the alleged defect was not of the type which as a matter of common experience was more likely than not to have originated before the product left the bottler's possession. For these reasons there does not appear to be a sound basis for imposing on the bottler a warranty of merchantability in favor of a remote buyer as to a secondary container of the type here involved. Our decision in this regard is supported by the somewhat analogous decision of the Florida Supreme Court in Foley v. Weaver Drugs, Inc., supra. We thus conclude that the directed verdict was correct as to the Coca-Cola Bottling Company of Miami.
The final judgment is reversed as to the defendant Winn-Dixie Stores, Inc. and the cause is remanded for a new trial on the warranty claim against said defendant as embodied in Count 5 of the amended complaint. In all other respects the final judgment is affirmed.
Affirmed in part; reversed in part, and remanded.
WALDEN and MAGER, JJ., concur.