PER CURIAM.
Holland Paving Company, under a contract with the City of Miami, was responsible for providing, placing and maintaining traffic signs at all times during the street construction work contemplated by the contract, which work, arguably, if not indisputably, was not completed as of March 8, 1978, the date upon which Higgs was injured in an automobile accident allegedly caused, at least in part, by the absence of a *113 traffic sign. Holland’s duty being thus in existence, it was entitled to the summary judgment entered in its favor only if it conclusively showed that it provided, placed and maintained a stop sign at the intersection where Higgs was injured. While there is evidence in the record to show that at 4:30 on the afternoon of the accident Holland’s employee placed a stop sign at the intersection, there is also evidence that .no stop sign was at the intersection at approximately 6:00 p.m. when the accident occurred. This latter evidence creates a genuine issue of fact as to whether Holland breached its duty to provide, place and maintain a traffic sign. As this court observed in a different context:
“The third point presented urges that the trial court erroneously excluded evidence of the absence of barricades subsequent to the end of defendant’s work day at the job site. The court reasoned that since the negligence alleged was the failure to place barricades and that since barricades might be removed by a third party that therefore the only critical time was the period immediately after the close of the working day. While this is true it is also true that the testimony as to the absence of the barricades at other times subsequent to the end of the working day has some probative value. The issue was whether or not barricades were placed at 5:00 p.m. Their absence an hour or two hours later or even at the time of the accident has a relevancy to the issue of fact as to whether they were placed at all. In the present instance, there is a conflict in the testimony as to whether the barricades were placed. This conflict makes even more important evidence which would tend to show that the barricades were never placed at all because of their absence sometime later. See II Wigmore on Evidence § 437 (3rd ed. 1940); cf. Renninger v. Foremost Dairies, Inc., Fla.App.1965, 171 So.2d 602. We therefore conclude that the objection to the evidence should have been denied.” Walton v. Robert E. Haas Construction Corporation, 259 So.2d 731, 734-35 (Fla. 3d DCA 1972).
Accordingly, the summary judgment for Holland is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.