PER CURIAM.
Appellant General Capital Corporation, the defendant below, appealed from a final decree in favor of Appellee Tel Service Co., Inc., the plaintiff below.
Tel Service’s complaint alleged that the parties entered into a written agreement dated August 13, 1959, later amended. The agreement provided that the plaintiff would sell to the defendant, at a discount, the accounts receivable and commercial paper from plaintiff’s sales; that the plaintiff would endorse all paper transferred with recourse; and that it was plaintiff’s obligation to repurchase defaulted items. The agreement was accompanied by personal guaranties of plaintiff’s stockholders and officers, plus real estate mortgages by its president and his wife as security for the performance of the agreement. The complaint further charged that the facts alleged were part of a scheme to circumvent the usury laws in that instead of entering into an agreed seller-purchaser re *2 lationship, the parties actually created a borrower-lender relationship under which plaintiff borrowed from the defendant $568,705.73, from August, 1959, through March, 1962. The complaint further alleged that the defendant wilfully and knowingly charged and accepted $125,267.82 as interest thereon, being more than 25% per annum, and that the plaintiff had assigned to the defendant accounts receivable and commercial paper having a total face value of $831,040.61, part of which had been repurchased by plaintiff. The complaint then alleged that the entire amount, which plaintiff claimed to be principal and interest, should be forfeited and the guaranties and mortgages returned. Defendant, in answering, denied the alleged scheme and stated that the transactions were actually the sale and purchase of commercial paper as agreed, and averred that the only lending transaction between the parties was a chattel mortgage loan of $12,500.00, upon which there was a balance due of $8,608.29, plus interest. The defendant also counterclaimed, seeking an accounting for collections made by plaintiff on items sold to defendant and a foreclosure on the chattel mortgage loan. In reply to this counterclaim plaintiff reiterated the alleged scheme to evade the usury laws and asserted a set-off in excess of the counterclaim. The defendant submitted an amendment to the answer which contained a third defense of unclean hands, a fourth defense of estoppel, a fifth defense of laches, and a sixth defense of the statute of limitations as to all items consummated prior to April 10, 1960.
After taking considerable testimony and receiving numerous exhibits into evidence, the chancellor rendered a final decree dated December 14, 1963. Rehearing was denied on January 28, 1964. In the final decree the chancellor stated, in part, as follows:
“IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that the transaction between the plaintiff and defendant constituted a criminally usurious loan, in violation of Section 687.07, Florida Statutes, that the transaction be and is hereby declared null and void and be and is hereby can-celled and set aside, and that the plaintiff is entitled to recover from the defendant the principal amount of such loan, the interest charged thereon, with interest upon said monies at the rate of 6% per annum from the date of the institution of this action, and the costs of court to be assessed as hereafter provided.”
It is apparent that Section 687.07, Florida Statutes 1963, F.S.A., was the basis of the proceedings below. However, subsequent to the entry of the final decree and the filing of the notice of appeal, Chapter 65-299, Laws of Florida 1965, was enacted, the provisions of which may have some effect on Section 687.07. The appellant has filed a motion here for application of the intervening legislation, and the appellee has filed a suggestion of the unconstitutionality of intervening legislation, plus a motion for an order suspending appellate proceedings, and remanding the cause to the trial court for consideration of its suggestion of unconstitutionality. Since we have a law of the State of Florida which intervenes subsequent to the law on which this case was originally decided, we temporarily relinquish jurisdiction over this cause and remand it to the lower court for reconsideration and redetermination of the issues that may arise in view of the 1965 Act. See Northeast Polk County Hospital District v. Snively, Fla.1964, 162 So.2d 657; and ABC Liquors, Inc. v. State of Florida ex rel. Wolfe, Fla.App.1965, 179 So.2d 256. In reconsidering this case the lower court may allow or decree such amendments or alterations as arc appropriate.
Upon the lower court’s disposition of the previously mentioned issues, for which purpose we are temporarily relinquishing jurisdiction, the attorneys for the parties are directed to advise this Court of such *3 disposition by appropriate motion or .petition for further consideration.
Remanded, without prejudice, with directions.
SHANNON, Acting C. J., LILES, J., and DAYTON, ORVIL L., Jr., Associate Judge concur.