284 So.2d 434 (1973)
Evangeline BUTLER, Appellant,
v.
WOOLCO DEPARTMENT STORE et al., Appellees.
No. 73-190.
District Court of Appeal of Florida, Third District.
October 2, 1973.
Rehearing Denied November 8, 1973.
*435 Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood, Steven R. Berger, Stephens, Magill, Thornton & Sevier, and Adams, George & Wood and John O'Connor, Miami, for appellees.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
This appeal is by the plaintiff from an adverse summary judgment. The action was for damages for injury alleged to have been proximately caused by negligence of the defendants. The latter pleaded contributory negligence.
It appears from the record and from the arguments in the briefs that the motivating reason for the granting of summary judgment in favor of the defendants was the conclusion of the trial court that the evidence established beyond issue the plaintiff was guilty of contributory negligence as a matter of law. The point on appeal stated in the brief of the appellant and dealt with pro and con in the briefs of the parties was as follows: "Did the trial court err in granting defendants' motions for summary judgment by ruling that plaintiff was guilty of contributory negligence as a matter of law?"
Without observing necessity to include in this opinion a detailed statement of the facts and due inferences therefrom as revealed by the pleadings and evidence before the court on the hearing on motions for summary judgment, we hold that entry of summary judgment for defendants was incorrect, for the reason that there were presented and disclosed by the pleadings and evidence issues as to the alleged negligence of defendants and as to the averred contributory negligence of the plaintiff which could not properly be resolved on motion for summary judgment. Accordingly, we reverse the summary judgment and remand the cause for trial.
We next consider the effect on this case of the change in negligence law eliminating contributory negligence and establishing comparative negligence. See Hoffman v. Jones, Fla. 1973, 280 So.2d 431. There, at p. 440, the Supreme Court said:
"Under the circumstances, we hold that this opinion shall be applied as follows:
"1. As to those cases in which the comparative negligence rule has been applied, this opinion shall be applicable.
"2. As to those cases already commenced, but in which trial has not yet begun, this opinion shall be applicable.
"3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.
"4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable.
"5. This opinion shall be applicable to all cases commenced after the decision becomes final."
*436 Of the foregoing it is seen that quoted paragraphs numbered 2, 3 and 4 could have some relevance. For example, No. 3 could have, but did not become applicable. The applicability of the comparative negligence rule was not raised during the litigation in the trial court.
The above quoted paragraph from the Hoffman case which is numbered 4 likewise could have been but was not made applicable on this appeal. The Hoffman decision of the Supreme Court was filed on July 10, 1973, and became final fifteen days thereafter. Earlier, in February of 1973 the similar ruling as to comparative negligence by the court of appeal in the fourth district had served to alert the bench and bar to the probability or possibility that such ruling would become the prevailing law in Florida. Jones v. Hoffman, Fla. App. 1973, 272 So.2d 529. The appeal in the instant case was filed on February 8, 1973, the date upon which the fourth district Hoffman case opinion was filed.
In the oral argument in this case counsel for appellant urged this court to regard the Hoffman decision as applicable here. That was not enough. In an instance where a judgment has been rendered on negligence and contributory negligence in an action in which the applicability of the comparative negligence rule is not raised in the trial court, and while an appeal therefrom was pending the Supreme Court's decision in Hoffman was rendered, an appellant or party to the pending appeal seeking the advantage of the comparative negligence rule under Hoffman could avail himself thereof by filing contention of error relying on Hoffman, by assignment of error or by written motion, claiming the benefit of the rule of comparative negligence, and by presenting the point with argument thereon in his brief or a supplemental brief. Here, with nothing in the appeal papers or the brief of the appellant relating to the applicability of the rule of comparative negligence as pronounced in Hoffman it could not be said that the applicability of that rule had "been properly and appropriately made a question of appellate review."
Notwithstanding the foregoing, the fact that the summary judgment is reversed and the cause remanded for trial, places the case in the category of the above quoted paragraph numbered two which lends applicability of Hoffman to "those cases already commenced, but in which the trial has not yet begun." Following remand, this cause will be in the status of one in which trial has not yet begun. Therefore, on the subsequent trial of this case the law as pronounced in Hoffman v. Jones, supra, Fla. 1973, 280 So.2d 431, shall be applied.
Judgment reversed and cause remanded for trial.