288 So.2d 254 (1973)
Melita Anne THORNTON, Etc., et al., Petitioners,
v.
Timothy Wallis ELLIOTT, Etc., et al., Respondents.
No. 43038.
Supreme Court of Florida.
December 5, 1973.
Rehearing Denied February 6, 1974.
William E. Blyler of Patterson, Maloney & Shankweiler, Fort Lauderdale, for petitioners.
Dieter K. Gunther of Carey, Dwyer, Austin, Cole & Selwood, Miami, for respondents.
ERVIN, Justice.
The pertinent question to be resolved in this conflict certiorari proceeding on rehearing is whether Petitioner Melita Anne Thornton, the plaintiff below, is entitled under our recent decision in Hoffman v. Jones, Fla., 280 So.2d 431, and other applicable principles of law to a new trial wherein the newly announced doctrine of *255 comparative negligence of Hoffman v. Jones would be applied.
This case differs from the usual conflict certiorari proceeding in that it involves the collateral application of an appellate change of the law in one case (Hoffman v. Jones) to another pending case (the instant case). Compare Florida East Coast Ry. Co. v. Rouse, Fla., 194 So.2d 260.
Under circumstances of the kind indicated, it is implicit in Hoffman v. Jones and Florida East Coast Ry. Co. v. Rouse the usual rules applicable in conflict certiorari cases must yield to allow a determination of the factual situation actually existing in the case considered.
Here, it appears from a review of the case that Petitioner Melita Anne Thornton sued Timothy Wallis Elliott, Respondent, for personal injury. The evidence showed Melita, then six years old, riding her bicycle, was crossing two public streets at an intersection. There were no obstructions to view. Melita's witnesses testified she tried to extricate herself from her predicament  that is of being struck by Elliott's automobile. Elliott testified he never saw her prior to impact. Melita's counsel sought at trial a last clear chance instruction which was denied. Instead, the trial court merely charged the jury upon the prohibition against comparative negligence. On appeal the District Court of Appeal, Fourth District, affirmed per curiam, citing Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, 379. Falnes holds that a last clear chance instruction may or may not be granted, depending on the particular facts. See Hodell v. Snyder, Fla.App.3d, 122 So.2d 36, which appears on all fours with the instant case.
In petition for rehearing in this case which we granted Petitioner, it appears that the Fourth District Court rendered Jones v. Hoffman, Fla.App., 272 So.2d 529, while the instant case was pending and the District Court certified its Jones v. Hoffman decision to this Court.
The trial jury in this case during its deliberations returned to the Courtroom to ask the judge: "If one party is more negligent than the other, what is the law?" He responded by recharging that comparative negligence was prohibited. It is in this context Petitioner claims the right of a new trial with the doctrine of comparative negligence made applicable. This, of course, is the salient issue here.
In Hoffman v. Jones, supra, we expressly provided that:
"3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.
"4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable."
The jury in this case in expressly posing to the trial court the question: "If one party is more negligent than the other, what is the law?" appropriately raised the applicability of the comparative negligence doctrine during the trial. The trial court, as was incumbent upon it by then prevailing law, recharged the jury on the prohibition of comparative negligence.
It appears to us the jury itself, the trier of facts, by its question was taking a more advanced view of the law from the nature of the facts before it and wanted to be advised if it could compare the negligence of the parties in arriving at its verdict. This the trial judge instructed the jury it could not do. The trial judge thus expressly rejected application of the comparative negligence doctrine to the facts of the case and in effect forbid its availability.
The Jury's question to the trial judge appears to fit the saving provision in item 3 *256 quoted above, "unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation." Thus it would appear the jury was more clairvoyant or perceptive concerning what the law should be and would soon be than the trial judge and the parties litigant who were hobbled in the trial process by existing appellate precedents.
The clarification the jury sought taken in the light of the subsequent change of the law comes squarely within the applicable rule announced in Florida East Coast Railway Company v. Rouse, supra, and Winter Park Golf Estates, Inc. v. City of Winter Park, 114 Fla. 350, 153 So. 842. In the latter cited case, which Rouse expressly followed, it was held: Where law applicable to case had been determined by Supreme Court since present case was argued and submitted, case would be remanded for reconsideration in the light of law as so recently stated.
In Rouse, a certiorari case, it was held that
"between trial judgment and appeal, there was a change in law which affected the result and, in consequence, certiorari must be granted, the decision under review quashed without prejudice and the cause remanded with directions to remand for a new trial."
Obviously our savings provisions in Hoffman v. Jones were written in the light of the Rouse and Winter Park Golf Estates cases.
It appears to us that on the basis of the record herein and the points explicated in our opinion, Petitioner is entitled to relief. Accordingly, the final judgment below is quashed with direction that the case be retried in the light of our holding in Hoffman v. Jones, supra.
It is so ordered.
ADKINS, BOYD and McCAIN, JJ., concur.
CARLTON, C.J., and DEKLE, J., dissent.