290 So.2d 575 (1974)
Victor David ORFALY, Appellant,
v.
Raymond JEFFRIES and Fireman's Fund Insurance Company, Etc., Appellees.
No. 73-565.
District Court of Appeal of Florida, Third District.
February 27, 1974.
*576 Wilson, Burns & Browd, Miami, for appellant.
Corlett, Merritt, Killian & Mascaro and Robyn Greene, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.

ON PETITION FOR REHEARING
PER CURIAM.
Following a review of the petition for rehearing in this cause, the opinion filed heretofore in this cause on December 21, 1973 be and the same is hereby withdrawn. Substituted in place thereof is the following opinion.
The question to be determined on this appeal is whether or not the plaintiff in the trial court "appropriately and properly" raised the applicability of a comparative negligence charge. The matter in the trial court occurred between the date the Fourth District Court of Appeal rendered its decision in Jones v. Hoffman, Fla.App. 1973, 272 So.2d 529, and the date the Supreme Court of Florida rendered its decision in Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
It is conceded that no written comparative negligence charge was submitted by the plaintiff in accordance with Rule 1.470(b), F.R.C.P., 30 F.S.A., and that only an oral request to the court to entertain such was made.
Following a review of the Supreme Court opinion in Thornton v. Elliott, Fla. 1973, 288 So.2d 254, and this court's opinion in Butler v. Woolco Department Store, Fla.App. 1973, 284 So.2d 434, and the opinion of the First District Court of Appeal in Rittenbery v. Eddins, Fla.App. 1973, 272 So.2d 840, we conclude that the request for a comparative negligence charge was "appropriately and properly" made during the trial, which would bring the matter within the retrospective application of Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
Therefore, the final judgment here under review be and the same is hereby reversed, with instructions to grant the plaintiff a new trial.
Reversed and remanded, with directions.