PER CURIAM.
This an appeal by the plaintiffs who are aggrieved by an adverse final judgment for the appellees-defendants in an action by the plaintiffs to recover damages for injuries sustained by the plaintiff, Artice Jones, in an automobile collision. At the trial, it was established that the defendant, • Edna Jacks Flowers, while driving an automobile, negligently struck a stopped motor vehicle and caused that motor vehicle to collide with the stopped vehicle which the plaintiff, Artice Jones, was driving. By way of affirmative defense, the defendants alleged that the plaintiff, Artice Jones, was guilty of negligence which proximately caused or contributed to the cause of the collision. The main issue tried before the jury was whether or not the rear-end collision was caused as the plaintiffs contended by the failure of the defendant to have her car under control, or as contended by the defendant by the fact thát the plaintiff negligently stopped his automobile in a moving lane of traffic on an expressway. At the charge conference, an instruction upon contributory negligence was submitted and was marked to be given by the trial court. In connection with this issue, defendant urged in arguments to the jury that the defendant would be entitled to a verdict at the hands of the jury if they found that Artice Jones’ actions contributed to his own injury. This argument was made pursuant to the defense of contributory negligence which at that time was a complete defense in a negligence action in Florida. During the giving of the instructions to the jury, defense counsel requested the court to allow withdrawal of the defense of contributory negligence. The motion to withdraw was granted.
The withdrawal of the defense after the argument thereon was, we think, error. The only question is whether or not it was prejudicial error. Under the circumstances of this case, where the plaintiffs would have had the right to urge on appeal that a contributory negligence instruction was im *766 properly given, we think that it cannot be said that the error was harmless. In effect, the appellees received the full benefit of contributory negligence as a defense without having the issue formally submitted to the jury. We therefore hold that in the interest of fairness under the facts of this case and in view of the fact that the appellants have assigned as error the applicability of comparative negligence, this judgment should be reversed for a new trial. See Hoffman v. Jones, Fla.1973, 280 So.2d 431, 440.
Reversed and reman'ded for a new trial.