297 So.2d 107 (1974)
Robert A. FITZSIMMONS, a Minor, by His Father and Next Friend, Thomas A. Fitzsimmons, and Thomas A. Fitzsimmons, Individually, Appellants,
v.
CITY OF PENSACOLA, a Municipal Corporation, Appellee.
No. T-108.
District Court of Appeal of Florida, First District.
June 20, 1974.
Rehearing Denied July 19, 1974.
*108 R.P. Warfield, Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellants.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
BOYER, Judge.
We have for review a final summary judgment in favor of the defendant below, City of Pensacola, entered by the Circuit Judge in a personal injury action.
The accident giving rise to the controversy occurred on August 12, 1971. Suit was commenced on August 10, 1972, and the summary final judgment here for review was entered February 26, 1973. In the meantime, after the complaint was filed but before entry of the summary final judgment, the District Court of Appeal, Fourth District, on February 8, 1973 filed its opinion in Jones v. Hoffman, Fla.App. (4th) 1973, 272 So.2d 529, by which it decided that contributory negligence should no longer bar recovery in an action to recover damages for negligence resulting in injury, but rather that the comparative negligence doctrine should apply. Notice of appeal was filed herein on March 28, 1973. On July 10, 1973, prior to this case becoming ripe for determination in this Court, the Supreme Court of Florida entered and filed its historic landmark decision in Hoffman v. Jones, Sup.Ct.Fla. 1973, 280 So.2d 431, by which it announced in clear and unmistakable terms that the District Court of Appeal are without authority to overrule controlling precedents of the Supreme Court and are bound to follow the case law set forth by the Supreme Court, but went on to hold that contributory negligence would no longer be a complete bar to recovery; instituting, by that opinion, comparative negligence as the rule to be applied.
Appellants, in light of the Hoffman case, raised the applicability of its doctrine to the case sub judice in appellants' main brief filed herein, appellee responded in its brief and appellants again urged the applicability of the Hoffman doctrine (comparative negligence doctrine) in their reply brief.
Appellants candidly admit that neither the comparative negligence doctrine nor the decision of the Fourth District in Jones v. Hoffman, supra, were raised in any manner at the trial level. However, appellants urge that even without applying the Hoffman doctrine (comparative negligence) the trial judge erred in the entry of the summary final judgment now appealed. Our examination of the record reveals that contention to be without merit, therefore the sole issue to be resolved by us is whether the opinion of the Supreme Court of Florida in Hoffman v. Jones, supra, is applicable to the case sub judice.
As we read the language of the Supreme Court in Hoffman v. Jones, supra, the opinion of the Fourth District Court in Jones v. Hoffman, supra, insofar as it affected the law of the State of Florida, was completely ineffective. The pertinent portions of the Supreme Court's opinion, in that regard, are as follows:
"* * * The District Court of Appeal attempted, therefore, to overrule all precedent of this Court in the area of contributory negligence and to establish comparative negligence as the proper test. In so doing, the District Court has *109 exceeded its authority." (280 So.2d at page 433)
* * * * * *
"* * * To allow a District Court of Appeal to overrule controlling precedent of this Court would be to create chaos and uncertainty in the judicial forum, particularly at the trial level. Ever since the District Court rendered its opinion there has been great confusion and much delay in the trial courts of the District Court of Appeal, Fourth District, while the attorneys and judges alike have been awaiting our decision in this case.
* * * * * *
"This is not to say that the District Courts of Appeal are powerless to seek change; they are free to certify questions of great public interest to this Court for consideration, and even to state their reasons for advocating change. They are, however, bound to follow the case law set forth by this Court." (at page 434)
* * * * * *
"We hold that a District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida. In the event of a conflict between the decision of a District Court of Appeal and this Court, the decision of this Court shall prevail until overruled by a subsequent decision of this Court." (Emphasis added; at page 440)
Accordingly, the Supreme Court's decision in Hoffman, which admittedly wrought extensive and significant change in the law of this State, had the same general effect as would have resulted from the passage of an act by the legislature abolishing contributory negligence and instituting comparative negligence in its place and stead.
Recognizing the impact of its opinion, the Supreme Court announced the circumstances under which its opinion should be applied, as follows:
"Under the circumstances, we hold that this opinion shall be applied as follows:
"1. As to those cases in which the comparative negligence rule has been applied, this opinion shall be applicable.
"2. As to those cases already commenced, but in which trial has not yet begun, this opinion shall be applicable.
"3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.
"4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable.
"5. This opinion shall be applicable to all cases commenced after the decision becomes final." (280 So.2d at page 440)
In Williams v. Seaboard Airline Railroad Co., Sup.Ct.Fla. 1973, 283 So.2d 33, the court considered for a second time a case which had initially been tried under the "now defunct railroad comparative negligence statute" but which was tried the second time under the body of law which existed after Georgia Southern & Florida Ry. Co. v. Seven-Up Bott. Co., Sup.Ct.Fla. 1965, 175 So.2d 39, and before Hoffman; holding that since the cause was initially tried under the principles of comparative negligence, the applicability of the comparative negligence rule had been "appropriately and properly raised during some stage of the litigation" and that therefore the Hoffman opinion was applicable.
In 1934, long before Hoffman, the Supreme Court of Florida, in Winter Park Golf Estates, Inc. v. City of Winter Park, 114 Fla. 350, 153 So. 842, considered a case which was "argued and submitted" prior to *110 a decision of the court which had the effect of changing the applicable law. The court there stated:
"In order that the present case may be reconsidered in the court below in the light of the rule of law stated in the above-mentioned cases decided here subsequent to the entry of the present appeal in this case, it is ordered that the decree appealed from be reversed without prejudice, and that this cause be remanded to the circuit court for further proceedings therein, with leave to each of the parties to make such amendments to the pleadings and to offer such additional evidence as the Chancellor may allow in order to have the controversy properly re-presented to the court for reconsideration in the light of applicable provisions of law. * * *" (Emphasis added; 153 So. at page 843)
In Florida East Coast Railway Company v. Rouse, Sup.Ct.Fla. 1967, 194 So.2d 260, the court had for consideration an appeal in a case which had been tried under the railroad comparative negligence statute (Florida Statute 768.06 F.S.A.). After entry of final judgment, but prior to the date of oral argument in the District Court of Appeal, the Supreme Court rendered its decision in Georgia Southern & Florida Ry. Co. v. Seven-Up Bott. Co., supra, holding said Florida Statute 768.06, F.S.A., the railroad comparative negligence statute, unconstitutional. To use the language of the author of the Supreme Court opinion: "In other words, the cause sub judice was tried under the law of Florida as it was prior to the decision last above cited and the appeal in the District Court was considered after that decision was rendered." The District Court of Appeal held that the giving of an instruction on comparative negligence pursuant to the statute which was subsequently held by the Supreme Court to be invalid did not constitute fundamental error which could be raised for the first time on appeal. The Supreme Court reversed saying:
"Although not applied because the appellate court thought the point, not raised at the trial level, could not be considered on appeal, the District Court correctly stated the controlling rule of law in this language:
`"We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.'
"A change in the state of the law, intervening between trial and appeal, seldom occurs and is usually not foreseeable. The change in this cause was not foreseeable, the comparative negligence statute having been held valid in 1942. Nevertheless, and notwithstanding the failure of the parties, at the trial level, to attack the validity of the statute, the appellate court was required to apply the law as it existed at the time of appeal." (194 So.2d at pages 261 and 262; footnote omitted)
The Supreme Court, in deciding Florida East Coast Railway Company v. Rouse, supra, cited and quoted at length from Winter Park Golf Estates v. City of Winter Park, supra, and in addition cited with approval General Capital Corporation v. Tel Service Co., Fla.App.(2d) 1966, 183 So.2d 1, quoting from the latter the following:
"`It is apparent that Section 687.07, Florida Statutes, 1963, F.S.A., was the basis of the proceedings below. However, subsequent to the entry of the final decree and the filing of the notice of appeal, Chapter 65-299, Laws of Florida 1965, was enacted, the provisions of which may have some effect on Section 687.07. The appellant has filed a motion here for application of the intervening legislation, and the appellee has filed a suggestion of the unconstitutionality of *111 intervening legislation, plus a motion for an order suspending appellate proceedings, and remanding the cause to the trial court for consideration of its suggestion of unconstitutionality. Since we have a law of the State of Florida which intervenes subsequent to the law on which this case was originally decided, we temporarily relinquish jurisdiction over this cause and remand it to the lower court for reconsideration and redetermination of the issues that may arise in view of the 1965 Act. * * *'" (194 So.2d at page 262)
In Thornton v. Elliott, Sup.Ct. 1974, 288 So.2d 254, the Supreme Court held that where, in a case tried before its opinion in Hoffman, under the body of law then existing and applicable, the jury during its deliberations returned to the courtroom and asked the judge: "If one party is more negligent than the other, what is the law?", the applicability of comparative negligence was appropriately raised during the trial, notwithstanding that comparative negligence was not raised prior to appeal by the parties, their attorneys nor the court, saying:
"It appears to us the jury itself, the trier of facts, by its question was taking a more advanced view of the law from the nature of the facts before it and wanted to be advised if it could compare the negligence of the parties in arriving at its verdict. This the trial judge instructed the jury it could not do. The trial judge thus expressly rejected application of the comparative negligence doctrine to the facts of the case and in effect forbid its availability.
"The Jury's question to the trial judge appears to fit the saving provision in item 3 quoted above, `unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.' Thus it would appear the jury was more clairvoyant or perceptive concerning what the law should be and would soon be than the trial judge and the parties litigant who were hobbled in the trial process by existing appellate precedents.
"The clarification the jury sought taken in the light of the subsequent change of the law comes squarely within the applicable rule announced in Florida East Coast Railway Company v. Rouse, supra, and Winter Park Golf Estates, Inc. v. City of Winter Park, 114 Fla. 350, 163 So. 842. In the latter cited case, which Rouse expressly followed, it was held: Where law applicable to case had been determined by Supreme Court since present case was argued and submitted, case would be remanded for reconsideration in the light of law as so recently stated.
"In Rouse, a certiorari case, it was held that
"`between trial judgment and appeal, there was a change in law which affected the result and, in consequence, certiorari must be granted, the decision under review quashed without prejudice and the cause remanded with directions to remand for a new trial.'
"Obviously our savings provisions in Hoffman v. Jones were written in the light of the Rouse and Winter Park Golf Estates cases.
"It appears to us that on the basis of the record herein and the points explicated in our opinion, Petitioner is entitled to relief. Accordingly, the final judgment below is quashed with direction that the case be retried in the light of our holding in Hoffman v. Jones, supra." (288 So.2d at pages 255 and 256)
The Supreme Court has, therefore, expressly adopted the reasoning of the Rouse and Winter Park Golf Estates cases as applicable to situations arising under Hoffman. Applying therefore the rule approved in Rouse to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according *112 to the law prevailing at the time of the appellate disposition and not according to the law prevailing at the time of rendition of the judgment appealed, it appears inescapable that the Hoffman opinion is applicable to the case sub judice. It will be noted that in Thornton v. Elliott, supra, the writer of the opinion specifically stated that the savings provisions in Hoffman v. Jones were written in the light of the Rouse and Winter Park Golf Estates cases. Accordingly it appears that the savings provision in Hoffman to the effect that the comparative negligence rule would be applicable if "appropriately and properly raised during some state of the litigation" applies to that stage of the ligitation involving the appellate process. Further, it would appear that the appellants, by raising the applicability of Hoffman in their briefs have "properly and appropriately made [comparative negligence] a question of appellate review," thus rendering the opinion applicable under the fourth numbered savings provision as set forth in Hoffman. (See also, to the same effect, Ingerson v. State Farm Mutual Automobile Ins. Co., Fla.App.(3d) 1973, 272 So.2d 862.)
We have not overlooked the opinion of our sister court of the Third District in Butler v. Woolco Department Store, Fla. App.(3d) 1973, 284 So.2d 434. However there the writer of the opinion went to great lengths to point out that there was "nothing in the appeal papers or the brief of the appellant relating to the applicability of the rule of comparative negligence as pronounced in Hoffman" and that therefore "it could not be said that the applicability of that rule had `been properly and appropriately made a question of appellate review.'"
We take no pleasure in reversing the learned trial judge for applying the law, as we too would have done, which was unquestionably in effect at the time this case was before him. However, alas, the forces of change, like those of time and age, respect no man, regardless of the position he enjoys: And as stated by the Supreme Court in State v. Lott, Sup.Ct. Fla. 1973, 286 So.2d 565 "[t]he trial court is bound by the decisions of this Court just as the District Courts of Appeal follow controlling precedents set by the Florida Supreme Court."
Accordingly, the final summary judgment entered by the trial judge is quashed with directions that the case be tried in the light of the holding of the Supreme Court in Hoffman v. Jones, supra, and in accordance with the views expressed herein.
It is so ordered.
RAWLS, C.J., and McCORD, J., concur.