298 So.2d 512 (1974)
Evelio U. VALDEZ, Jr., Appellant,
v.
Raymond Thomas FESLER et al., Appellees.
No. 73-454.
District Court of Appeal of Florida, Second District.
July 24, 1974.
Rehearing Denied September 4, 1974.
J. Thomas Wright of Herce, Martinez & Associate, Tampa, for appellant.
Benjamin H. Hill, III of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
BOARDMAN, Judge.
The appellant, Evelio U. Valdez, Jr., filed an action against the appellees for damages resulting from an automobile accident. The appellees/defendants pleaded the affirmative defense of contributory negligence. Upon trial by jury of the issues framed by the pleading, a verdict was rendered in behalf of the appellees. Appellant filed this timely appeal.
Appellant assigns several grounds why this court should remand the cause to the trial court for a new trial. While we do not agree, nevertheless, we deem it necessary to discuss one of the points presented here. It concerns the applicability to this case of the law pronounced by our supreme court in the case of Hoffman v. Jones, Fla. 1973, 280 So.2d 431, decided on July 10, 1973, in which the comparative negligence rule was adopted.
To reach our decision we must examine the pleadings pertinent and certain dates deemed controlling. This case was filed on May 11, 1972. Trial was commenced on March 5, 1973. Judgment was entered on the jury verdict on March 13, 1973. During the pendency of the case sub judice in the circuit court, the Fourth District Court of Appeal, on February 8, 1973, rendered its opinion in Jones v. Hoffman, Fla.App.4th, 1973, 272 So.2d 529, holding that the comparative negligence rule should be applied in tort actions. Subsequent to a trial on the merits in the case at bar, the Fourth District was affirmed in Hoffman v. Jones, Fla. 1973, 280 So.2d 431. In Hoffman, supra, at page 440, the supreme court set out five circumstances or situations in which that decision should be applied. Included in those circumstances are the following:
3. As to those cases in which trial has already begun or in which verdict or *513 judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.
4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable.
The precise question for our determination is whether the comparative negligence rule was appropriately and properly raised in the trial court. Should this question be answered in the affirmative, we would affirm on the authority of Hoffman, supra; Thornton v. Elliott, Fla. 1973, 288 So.2d 254; and Butler v. Woolco Department Store, Fla.App.3rd, 1973, 284 So.2d 434.
Turning to an examination of the record, it appears that the issue involved was first discussed at the pretrial conference held on February 26, 1973. Inasmuch as the proceedings of that conference were not reported by a court reporter, the parties subsequently entered into a stipulation as to what transpired at that hearing. The stipulation provided:
At the pretrial conference held on February 26, 1973, the attorneys for both sides brought to the Court's attention the case of Jones v. Hoffman, 272 So.2d 529; at that time, the Court indicated verbally that it would not follow the decision of the District Court of Appeal, Fourth District, as to the doctrine of comparative negligence. The Court further advised counsel that if either counsel desired to perfect this point for a possible appeal that said counsel should formally request the application of comparative negligence and formally object to the Court's ruling. Thereafter, neither counsel for the plaintiff nor for the defendants requested an instruction to the jury on the issue of comparative negligence in lieu of contributory negligence, nor did either counsel formally object to the Court's ruling. The trial in this cause was held during the week of March 5, 1973, wherein a verdict and judgment was entered in favor of the defendants, and plaintiff filed a motion for a new trial. At the hearing on a Motion for a New Trial, held on April 12, 1973, the plaintiff orally cited to the Court for its consideration, the principals (sic) of comparative negligence as contained within Jones v. Hoffman, 272 So.2d 529....
A reading of the stipulation shows that apparently both of the attorneys for the respective parties discussed the matter. This discussion of Jones, supra, sufficiently raised the applicability of the comparative negligence doctrine under the standard set forth in Thornton v. Elliott, supra. Notwithstanding, the case was subsequently tried under the applicable contributory negligence defense. No objection was made by either party to the pleadings as filed or to the instruction given by the trial judge to the jury on the defense of contributory negligence. Neither did either counsel formally request a comparative negligence instruction as suggested by the trial judge. We are unable to find that a motion for a directed verdict was made in behalf of appellant at the close of the case or after both sides announced that they had rested their case. In fact no affirmative action was taken to preserve the comparative negligence question for appellate review during the trial phase of this action. The record does reflect that the appellant, for the first time, indicated his reliance upon the comparative negligence rule as one of the grounds stated in his motion for new trial. Upon denial of the motion for new trial, appellant again raised the issue as one of the assignments of error filed in this court.
In the light of the foregoing circumstances, we find that appellant, being cognizant of the comparative negligence rule, elected to try his case on a winner-take-all basis. Having made this election, it must *514 be said that he is now precluded from having a second trial involving the same parties and subject matter. The appellant was entitled to and the record discloses that he did receive a fair and impartial trial, i.e., he had "his day in court." Unfortunately for appellant a jury of his peers returned its verdict adversely to him.
Accordingly, finding no reversible error in the record or a misapplication of the law, the judgment of the trial court is
Affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.