BOYER, Judge.
We here again consider a factual situation involving the application of the principles announced in Hoffman v. Jones, Sup. Ct.Fla.1973, 280 So.2d 431.
The plaintiffs below, appellees here, filed suit in the Circuit Court for damages arising out of a motorcycle-automobile collision. Defendants there, appellants here,answered, alleging contributory negligence as a defense. Prior to the trial of the case the District Court of Appeal, Fourth District, filed its opinion in Jones v. Hoffman, Fla.App. 4th 1973, 272 So.2d 529. At the pretrial conference in the case sub judice ithe last mentioned case was discussed and pursuant to the pretrial order the plaintiff prepared and submitted at the conclusion of the trial an instruction on comparative negligence. During the conference following the close of the evidence the plaintiffs objected to the Florida Standard Jury Instruction on contributory negligence and requested the trial court to give the comparative negligence charge which had been prepared and submitted in compliance with the court’s pretrial order. That objection was overruled and the requested charge was denied, the court giving a charge to the jury on the doctrine of contributory negligence. The jury returned a verdict in favor of the defendants. Plaintiffs filed a timely motion for a new trial which was heard after the filing of the Supreme Court’s opinion in Hoffman v. Jones, supra. From an order granting a new trial this appeal is taken.
The defendants below, appellants here, urge that the lower court erred in granting the plaintiffs’ motion for new trial on the grounds that the plaintiffs appropriately and properly raised the comparative negligence issue in conformity with Hoffman v. Jones, supra.
We affirm on authority of Fitzsimmons v. City of Pensacola, Fla.App. 1st 1974, 297 So.2d 107.
SPECTOR, Acting C. J., and McCORD, J., concur.