DOWNEY, Judge.
We have for review a final judgment based upon a jury verdict for defendant-appellees arising out of a suit for personal injuries.
During the charge conference appellant moved to. strike the affirmative defenses including contributory negligence on several grounds, one of which “alluded” to the decision of Jones v. Hoffman, which was then pending in the Supreme Court. But whether that “allusion” was adequate to fall within category number three of Hoffman v. Jones, Fla.1973, 280 So.2d 431, and thus preserve for appellate review appellant’s right to a comparative negligence instruction we need not decide. Appellant’s notice of appeal was filed May 17, 1973. One of her assignments of error is directed to the giving of an instruction on contributory negligence rather than comparative negligence.
Thus, it is apparent that this case falls within category number four of Hoffman v. Jones, supra, which provides:
“4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable.”
The Third District Court of Appeal recently held in Minton v. CNA Insurance, Fla. App.1974, 293 So.2d 742, that raising the propriety of comparative negligence for the first time by assignment of error “properly and appropriately” made the question available for appellate review. And more recently the First District Court of Appeal in Fitzsimmons v. City of Pensacola, Fla.App.1974, 297 So.2d 107, held that raising the point for the first time in appellant’s main brief was sufficient.
*710 Accordingly, Hoffman v. Jones, supra, mandates that this case must be tried again, eliminating therefrom the doctrine of contributory negligence.
Reversed.
WALDEN, J., and KNOTT, JAMES R., Associate Judge, concur.