PER CURIAM.
This cause was tried before a jury between the time of the opinion of the Fourth District Court of Appeal in Jones v. Hoffman, Fla.App. 1973, 272 So.2d 529 and the opinion of the Supreme Court of Florida in Hoffman v. Jones, Fla.1973, 280 So.2d 431, which relate to the propriety of a charge on comparative negligence.
The defendant pleaded, as affirmative defense in the trial court, contributory negligence on the part of the plaintiff. The plaintiff requested a charge of comparative negligence, which was denied. At the time of the giving of instructions to the jury, the trial judge instructed on contributory negligence. The plaintiff suffered an adverse jury verdict and this appeal is from a final judgment thereon.
We reverse and remand for a new trial. The issue of comparative negligence was properly made in the trial court; it has been preserved for review on appeal and, under the Supreme Court decision in Hoffman v. Jones, supra, this entitles the plaintiff to a new trial. See also: Butler v. Woolco Department Store, Fla.App.1973, 284 So.2d 434; Orfaly v. Jeffries, Fla. App.1974, 290 So.2d 575; Jones v. Flowers, Fla.App.1974, 293 So.2d 765.
Reversed and remanded for new trial.