MILLS, Judge.
Appellants, plaintiffs below, appeal from a judgment in appellee’s favor in a wrongful death action.
The question raised by this appeal is whether the applicability of the comparative negligence rule may be raised for the first time by brief on appeal.
On 7 February 1970, plaintiffs’ minor son was killed in an accident. The wrongful death suit was commenced on 4 February 1972. The jury trial was concluded on 31 January 1973 by a verdict in favor of defendant, appellee here. Judgment was rendered for defendant on that date. The trial court submitted the issue of contributory negligence to the jury. On 9 February 1973, plaintiffs filed a motion for new trial which was denied by order filed on 17 August 1973.
On 10 July 1973, the Supreme Court of Florida rendered and filed its opinion in Hoffman v. Jones, 280 So.2d 431, in which it replaced the rule of contributory negligence with comparative negligence.
On 31 August 1973, plaintiffs filed their notice of appeal. Assignments of error were timely filed thereafter but did not raise the applicability of the comparative negligence rule. On 28 October 1974, plaintiffs filed their main brief and for the first time raised the comparative negligence rule.
Based on this court’s decision in Fitzsimmons v. City of Pensacola, 297 So. 2d 107 (Fla.App.1974), in which the factual situation was similar to that in the case sub judice, the question raised by this appeal must be answered affirmatively.
An appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not that prevailing at the time the judgment is rendered (Florida East Coast Railway Company v. Rouse, 194 So.2d 260, Fla. 1967).
Accordingly, here, as was stated in Fitz-simmons :
“ . . . it appears that the savings provision in Hoffman to the effect that the comparative negligence rule would be applicable if ‘appropriately and properly raised during some state of the litigation’ applies to that stage of the litigation involving the appellant process. Further, it would appear that the appellants, by raising the applicability of Hoffman in their briefs have ‘properly and appropriately made [comparative negligence] a question of appellate review,’ thus rendering the opinion applicable under the fourth numbered savings provision as set forth in Hoffman.”
For the reasons set forth above, the judgment in the above case is reversed and remanded for a new trial.
BOYER, Acting C. J., and McCORD, J., concur.