McNULTY, Chief Judge.
This case involves the applicability of the comparative negligence rule enunciated in Hoffman v. Jones [1] to a case where trial was held after the Fourth District’s decision in that case [2] but prior to the Supreme Court’s affirmance. We find that under the implementation directions in Hoffman we must quash the judgment and remand for a new trial since appellants timely requested that the issue of comparative negligence be submitted to the jury.
*64 Plaintiff-appellee brought a negligence action against appellants for damages arising out of an automobile collision. Appellants counterclaimed alleging appellee’s negligence and their own damages. At the pretrial conference, appellants orally requested that the court charge the jury on comparative negligence, expressly relying on the Fourth District’s Hoffman, supra. The trial judge accepted the request, took it under advisement but later at trial refused to grant it. Appellants recorded their objection.
The Supreme Court said in Hoffman: [3]
“[W]e hold that this opinion shall be applied as follows:
jfi ‡ j}i %
3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.” (Italics ours.)
Appellees now contend that appellants did not “appropriately and properly” raise comparative negligence since they did not submit a written instruction to the judge. We cannot agree. The point was resolved in Thornton v. Elliott,[4] a case not nearly as strong as this. There the court determined that the comparative negligence issue was properly raised when the jury, during deliberations, returned to the courtroom and asked the judge “if one party is more negligent than the other, what is the law?” It doesn’t appear, indeed, that the plaintiff even orally requested the charge in that case. Nonetheless, the court held there that the question asked was sufficient to raise the applicability of comparative negligence and remanded for a new trial. We can do no less under the facts here.
For the foregoing reasons, the judgment appealed from is quashed and the case remanded for a new trial in light of Hoffman v. Jones, supra.
BOARDMAN and GRIMES, JJ., concur.

. (Fla.1973), 280 So.2d 431.

. (Fla.App.4th, 1973), 272 So.2d 529.

. Note 1, supra at 440.

. (Fla.1973), 288 So.2d 254.