HOBSON, Judge.
Appellants appeal a final judgment entered against them following a jury verdict for the appellees in a personal injury action.
The jury verdict for appellees was entered on March 15, 1973 and the final judgment was entered on May 7, 1973. The case was tried and the judgment entered prior to the landmark decision of our Supreme Court in Hoffman v. Jones, Fla.1973, 280 So.2d 431. This historic decision in Hoffman, supra, became effective on July 10, 1973.
At no time prior to the judgment appealed did the appellants assert the comparative negligence doctrine which was adopted by our Supreme Court in the Hoffman opinion. In light of the Hoffman case the appellants assigned as error the trial court’s failure to apply the doctrine of comparative negligence and raised the applicability of the doctrine in its main brief filed herein.
In a similar situation, i. e., where the Hoffman doctrine was raised for the first time on appeal, our sister court in Fitzsimmons v. City of Pensacola, Fla.App.1st 1974, 297 So.2d 107, cert. den., Fla., 304 So.2d 129, in a comprehensive and erudite opinion by Judge Boyer, held:
“The Supreme Court has, therefore, expressly adopted the reasoning of the Rouse [Florida East Coast Ry. Co. v. Rouse, Fla., 194 So.2d 260] and Winter Park Golf Estates [Winter Park Golf Estates, Inc. v. City of Winter Park, 114 Fla. 350, 153 So. 842] cases as applicable to situations arising under Hoffman. Applying therefore the rule approved in Rouse to be that an appellate court, in *812 reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition and not according to the law prevailing at the time of rendition of the judgment appealed, it appears inescapable that the Hoffman opinion is applicable to the case sub judice. It will be noted that in Thornton v. Elliott, supra [Fla., 288 So.2d 254], the writer of the opinion specifically stated that the savings provisions in Hoffman v. Jones were written in the light of the Rouse and Winter Park Golf Estates cases. Accordingly it appears that the savings provision in Hoffman to the effect that the comparative negligence rule would be applicable if ‘appropriately and properly raised during some stage of the litigation’ applies to that stage of the litigation involving the appellate process. Further, it would appear that the appellants, by raising the applicability of Hoffman in their briefs have ‘properly and appropriately made [comparative negligence] a question of appellate review/ thus rendering the opinion applicable under the fourth numbered savings provision as set forth in Hoffman.”
The learned trial judge correctly applied the law in effect at the time this case was before him.
Appellants have raised other points on appeal which have given us considerable concern; however, after a careful examination of these issues, we have concluded that no reversible error has been shown.
In accordance with the foregoing, the final judgment is reversed and the cause remanded with directions that a new trial be granted appellants applying the doctrine of comparative negligence as established by our Supreme Court in Hoffman v. Jones, supra.
Reversed and remanded.
McNULTY, C. J., and JOANOS, JAMES E., Associate Judge, concur.