DANIEL S. PEARSON, Judge.
State Farm Mutual Automobile Insurance Company appeals a final judgment entered upon a jury verdict determining that the insured, Ronald Monacelli, had not rejected uninsured motorist coverage.
At trial, State Farm adduced ample evidence to support its claim that Ronald Monacelli’s father was authorized to act on Ronald’s behalf and, with such authority, orally rejected uninsured motorist coverage in a discussion with a State Farm agent concerning the subject policy covering Ronald’s motorcycle. Despite this, the trial court refused to instruct the jury upon State Farm’s request, that uninsured motorist coverage could be rejected by the insured or by someone acting as agent for the insured, in this case Ronald Monacelli’s father.[1] This failure to instruct the jury in accordance with State Farm’s request forms the sole basis of State Farm’s appeal.
Because (1) the rejection of uninsured motorist coverage may be done through an agent, Acquesta v. Industrial Fire & Casualty Co., 467 So.2d 284 (Fla.1985), and (2) at the time of the discussion between Ronald’s father and the State Farm agent— 1979 — a written rejection was not required, Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla.1982), the failure to instruct the jury as State Farm requested is reversible error.
Reversed and remanded for a new trial.

. Monacelli argues that since the request was not in writing, the trial court cannot be faulted for denying it. However, there is not the slightest indication that the trial court denied the requested instruction for the reason that it was oral, and it is obvious .that the judge denied the request on the merits. Counsel is not required to engage in the "totally useless and therefore unnecessary act" of submitting a formal affirmative request for an instruction which the trial court has already stated it would not give. Corbett v. Dade County Board of Public Instruction, 372 So.2d 971, 974-75 n. 3 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla.1980). See also Insurance Co. of Pennsylvania v. Estate of Guzman, 421 So.2d 597, 605 (Fla. 4th DCA 1982) (“[n]o purpose would have been served by requiring the lawyer to file a written request for an instruction which the judge already stated she would not give”).