PER CURIAM.
Appellant Alvin Brogdon was injured in a fall into an unguarded stairwell while working on appellee Brown’s construction site. The Brogdons’ negligence action resulted in the entry of final judgment for defendants/appellees pursuant to a jury verdict which found Brown not negligent in providing Brogdon a safe place to work.
Appellants contend that the trial court committed reversible error in refusing to instruct the jury that a violation of sections 3317 and 3312 of The South Florida Building Code[1] was negligence per se.
We hold that the trial court properly declined to give the negligence per se instruction because the code that was violated was enacted for the protection of the general public, not for the protection of a particular class of persons, therefore such violation was only evidence of negligence and not negligence per se. See Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla.1985); Grand Union Co. v. Rocker, 454 So.2d 14 (Fla. 3d DCA 1984); Schulte v. Gold, 360 So.2d 428 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1367 (Fla.1979). The jury was properly instructed to consider the code violations as evidence of negligence.
In view of our holding, we decline to address the point raised on cross-appeal, which has been rendered moot.
Affirmed.

. Section 3312 of The South Florida Building Code states in part:
All floor openings used as stairways, or for the accommodations of ladders or runways, shall be guarded by railings and toe boards.
Section 3317.1, entitled "Railings," provides in part:
Railings, when required during construction, shall comply with the Standards of the Occupational Safety and Health Administration (OSHA), Part 1926, as set forth in Section 402 of Code, and as provided herein.