540 So.2d 197 (1989)
Lola E. HOLLAND, Appellant,
v.
BAGUETTE, INC., a Florida Corporation D/B/a La Petite Patisserie and Joseph R. Harrison, Jr., Appellees.
No. 88-767.
District Court of Appeal of Florida, Third District.
March 21, 1989.
Highsmith, Strauss & Glatzer and Neil Rose, Miami, for appellant.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble and Kathleen M. Salyer, *198 Parenti & Falk and Norman M. Waas, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
We reverse the final summary judgment entered for the defendants in this trip-and-fall case on the authority of Liberty Mut. Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985). First, here as in Kimmel, the accident occurred in a public place, not in a private home as in Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983); consequently, the facts are distinguishable from those of Schoen. Second, the affidavit of plaintiff's engineer supported the allegation that the step over which the plaintiff tripped was built in violation of the South Florida Building Code. If proven, this would constitute prima facie evidence of negligence. See Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985); Grand Union Co. v. Rocker, 454 So.2d 14 (Fla. 3d DCA 1984). Accordingly, because genuine issues of material fact remain to be resolved, it was error to enter summary judgment.
REVERSED.