613 So.2d 493 (1993)
Geraldine MOROWITZ, Appellant,
v.
VISTAVIEW APARTMENTS, LTD., et al., Appellees.
No. 92-1014.
District Court of Appeal of Florida, Third District.
January 5, 1993.
Rehearing denied March 16, 1993.
*494 Rumberger, Kirk, & Caldwell and Jose I. Rojas and Lori A. Brown, Miami, for appellant.
David L. Deehl, Roy D. Wasson, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and LEVY, JJ.
LEVY, Judge.
The appellant, Geraldine Morowitz, sued the appellees, Vistaview Apartments, Ltd., et al., for injuries sustained in an alleged slip and fall on Vistaview's premises. Morowitz claimed she fell on a wet tile floor near an open-air atrium in a common area shortly after it had rained. A jury trial was held below which resulted in a verdict for Vistaview. Morowitz appeals claiming several trial court errors, and we reverse.
Morowitz first claims that the trial court erred in admitting the deposition testimony of her psychiatrist regarding a psychiatric condition from which she suffers. The taped deposition of Morowitz' psychiatrist was played for the jury, in which he described in detail the nature of Morowitz' condition, the symptoms from which she suffered, and the fact that her condition was one where an individual could become paranoid about personal injury. Appellee argues that the evidence concerning Morowitz's psychiatric condition was relevant to the extent that the jury should be able to consider it in determining the veracity of Morowitz's claimed physical injury. That argument, however, rings hollow in view of the fact that it was undisputed that Morowitz suffered a broken hip. While the questions of liability and damages were before the jury, no one disputed the fact that Morowitz's hip was actually broken. Accordingly, there is no basis to argue about the possibility of Morowitz becoming paranoid about suffering a personal injury since, as all parties acknowledge, Morowitz did, in fact, suffer a broken hip.
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (1991); State v. *495 McClain, 525 So.2d 420, 421 (Fla. 1988). While the fact that Morowitz suffered from a psychiatric condition may have been relevant, it was not necessary that the jury receive this information through the detailed deposition of her psychiatrist. The deposition of the psychiatrist unfairly prejudiced the jury against Morowitz, by making her mental condition, rather than her broken hip, the focus of the jury's attention. Furthermore, Morowitz only sought damages for mental anguish as a result of her physical injuries, and did not claim an aggravation of her psychiatric condition which would have put that condition directly in issue. Under these circumstances, the prejudice to Morowitz substantially outweighed the probative value of the deposition, and its admission was error. See Pier 66 Co. v. Poulos, 542 So.2d 377, 380 (Fla. 4th DCA) (psychiatric testimony regarding plaintiff's suicidal thoughts prejudicial to defense), review denied, 551 So.2d 462 (Fla. 1989); Arroyo v. City of New York, 171 A.D.2d 541, 567 N.Y.S.2d 257, 259 (N.Y. App. Div. 1991) (introduction of hospital records showing plaintiff's psychiatric treatment unduly prejudicial to plaintiff); Sedgwick v. Kawasaki Cycleworks, Inc., 71 Ohio App.3d 117, 593 N.E.2d 69, 75 (psychiatrist's notes regarding plaintiff properly excluded because of potential for prejudice), jurisdictional motion overruled, 60 Ohio St.3d 713, 573 N.E.2d 673 (1991).
Morowitz next claims that the trial court erred by refusing to admit a copy of the Vistaview News, a newsletter distributed by Vistaview to its tenants. The newsletter contained an item which stated, "Don't enter elevators in wet bathing suits as wet floors are slippery & dangerous." Morowitz sought to introduce the newsletter, which was published more than two years after her accident, not as substantive evidence, but to impeach the testimony of two of Vistaview's witnesses. One of these witnesses, the Vistaview manager, testified that he was unaware of any notices of slippery floors being given to the tenants, and that the floor was not unsafe when wet. The other witness, a structural engineering expert, testified that in his opinion, the floor met the South Florida Building Code standards for slip resistance.
"Extrinsic evidence which is contrary to a fact to which a witness has testified is admissible to impeach the credibility of the witness." C. Ehrhardt, Florida Evidence, § 608.6 at 383 (1992 ed.) (footnote omitted). The warning in the newsletter clearly contradicted the Vistaview manager's testimony regarding notice of slippery conditions, especially in light of the fact that he testified his wife published the newsletter, and he regularly read it. It also contradicted the testimony of the structural engineer, who testified for Vistaview that in his opinion the floor was reasonably safe. We therefore conclude that the trial court erred in not admitting the newsletter to impeach these witnesses. See Murray v. Almaden Vineyards, Inc., 429 So.2d 24 (Fla. 2d DCA 1983); Fogel v. Mirmelli, 413 So.2d 1204 (Fla. 3d DCA 1982). Furthermore, the evidence in question impeaches appellee's evidence offered in support of its contention that the floor was not slippery at the time of the accident, in view of the fact that it was agreed by appellee that the condition of the floor at the time of the accident was the same as the condition of the floor at the time that the warning in the newsletter was calling attention to the fact that the floor was "slippery and dangerous" when wet.
Finally, Morowitz claims the trial court erred in not giving a requested jury instruction. Morowitz submitted a proposed, written jury instruction that the jury be instructed that violations of the South Florida Building Code constitute negligence per se. After the trial court refused to so instruct the jury, Morowitz then made an oral request that the jury be instructed that violations of the Building Code constitute evidence of negligence. The trial court refused to give this instruction as well. We agree with Morowitz that the refusal to give the evidence of negligence instruction was error.
A demonstrated violation of the South Florida Building Code constitutes evidence of negligence. Holland v. Baguette, Inc., *496 540 So.2d 197, 198 (Fla. 3d DCA 1989); Brogdon v. Brown, 505 So.2d 19, 20 (Fla. 3d DCA), review denied, 513 So.2d 1060 (Fla. 1987); Cadillac Fairview of Fla., Inc. v. Cespedes, 468 So.2d 417, 421 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla. 1985). In light of the detailed testimony presented surrounding the Building Code and its standards regarding slip resistance of floors, a jury instruction to consider violations of the Code as evidence of negligence would have been appropriate. Brogdon v. Brown, 505 So.2d at 20.
Vistaview contends, however, that because Morowitz made the request for the evidence of negligence instruction orally, instead of in writing as is required by Florida Rule of Civil Procedure 1.470(b), Morowitz cannot now claim the refusal to give the instruction as error on appeal. While a party must normally make a written request for a jury instruction in order to claim the failure to give such instruction as error on appeal, Rabren v. Straigis, 498 So.2d 1362, 1364 (Fla. 2d DCA 1986); Jackson v. Harsco Corp., 364 So.2d 808, 810 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 72 (Fla. 1979), we have previously recognized exceptions to this rule. See State Farm Mut. Auto. Ins. Co. v. Monacelli, 486 So.2d 630, 631 (Fla.3d DCA) (no need to submit written request where judge has ruled on merits of oral request), review denied, 496 So.2d 143 (Fla. 1986); Corbett v. Dade County Bd. of Pub. Instruction, 372 So.2d 971, 974-975 n. 3 (Fla. 3d DCA 1979) (same), cert. denied, 383 So.2d 1192 (Fla. 1980); Orfaly v. Jeffries, 290 So.2d 575, 576 (Fla. 3d DCA 1974) (oral request sufficient to bring within retroactive application of newly adopted comparative negligence doctrine).
In this case, the exigencies of an ongoing trial, as well as counsel's inability to predict which instructions would be rejected by the trial court, made it difficult for counsel to have prepared alternative written jury instructions. Since Morowitz' initial request for the negligence per se instruction was in proper form and preserved for appeal, we conclude that her alternative request for an evidence of negligence instruction was also properly preserved for appeal. Therefore, we hold that the trial court erred in not giving an evidence of negligence instruction.[1]
For the aforementioned reasons, the verdict rendered below is reversed, and we remand this case for a new trial consistent with this opinion.
Reversed and remanded.
NOTES
[1] We do not address Morowitz' remaining point on appeal regarding an impartial juror, as the issue is unlikely to recur.