TEDDER, GEORGE W., Jr., Associate Judge.
Plaintiff Charles Jones appeals a final judgment of the Circuit Court of Palm Beach County, Florida, entered on a jury verdict for the defendant, Florida East Coast Railroad Company. A street-railway crossing was the scene of the events that is the subject matter of the controversy involved herein and the parties will be referred to here in the same position occupied by each in the trial court.
Plaintiff’s minor son, Jerry Jones, fifteen (15) years of age, was killed in a collision between his motorcycle and a train at a railroad crossing in the City of Lake Worth, Florida. The deceased was driving his motorcycle on which one of his classmates was a passenger, and these boys were with a group of school boys going from school to a physical education class.
Decedent was familiar with the crossing because he had traveled over it at other times. The evidence is clear that he ran into and struck the train at a point one hundred ninety-three (193) feet from the front of the train.
There was evidence from which the jury could believe the decedent was traveling at any speed between twenty-five (25) and thirty (30) miles per hour, while an expert in answer to a hypothetical question stated that, had the deceased been traveling at a rate of twenty-three (23) to twenty-four (24) miles per hour he would not have had the collision. The speed limit at the time and place was twenty-five (25) miles per hour.
Testimony was in conflict as to whether the train engineer had sounded his whistle or bell. There was no electrical signal device at the crossing, although there was a standard crossbuck sign and a round yellow sign with the letters “RR” on it. A hedge or row of shrubbery, partially blocking the view, was located near the intersection.
There was testimony that Jerry Jones applied his brakes; there were no skid marks, but there were gouge marks in the pavement where the cycle had been laid down on its side before impact.
During the trial counsel for the plaintiff attempted to introduce into evidence Section 33-13 of the Code of Ordinances of the City of Lake Worth which provides:
“Every railroad company maintaining railroad tracks in or through the city over which railroad trains are operated, shall be and is hereby required to install, maintain and operate at each and every street crossing, where the streets of the city intersect with such tracks, automatic electric signal devices. Such devices shall be erected in such manner as to be visible to persons approaching such crossing from either direction, and shall *924 be so constructed as to automatically give warning, both by the flashing of a red light and the sounding of a gong or bell; of the approach of each and every train over such railroad tracks. Such signal devices shall be of such standard design as shall be approved by the city manager and shall be so constructed as to give ample and sufficient warning of the approach of every train over such crossings to enable persons at or near the same to avoid injury thereon; provided, however, that wherever any railroad company has established crossing gates at any crossing in the city, such railroad company shall not be required to install the aforesaid automatic electric signal devices so long as the crossing gates are maintained and operated by the railroad company.”
The learned trial court refused to admit the ordinance into evidence stating that since the deceased was familiar with the crossing in question, that to charge the jury on this ordinance would be charging them on a factual situation unsupported by the evidence.
The sole question raised on this appeal is whether the trial court erred in refusing to admit the City of Lake Worth Ordinance.
Violation of a municipal ordinance is prima facie evidence of negligence. Mc-Quillin, Municipal Corporations, 3rd Edition, Vol. 7, § 24.731, provides, in part:
“The failure of a railroad to erect and maintain crossing signals or signs as required by statute or ordinance may constitute or at least evidence actionable negligence; this depends on the facts of the case and the law of the state in question relative to ordinance violations as affecting actions based on negligence.” (Emphasis added.)
The plaintiff was entitled to have the jury consider whether the violation of this ordinance constituted evidence of negligence and was a proximate cause of the collision in question.
The judgment appealed from should be reversed and a new trial ordered.
Accordingly, the judgment is reversed and this cause is remanded for a new trial.
WALDEN, C. J., and McCAIN, J., concur.