383 So.2d 948 (1980)
H. Craig HINES, Appellant,
v.
REICHHOLD CHEMICALS, INCORPORATED, a Foreign Corporation, Appellee.
No. OO-375.
District Court of Appeal of Florida, First District.
May 20, 1980.
*949 Joseph S. Farley, Jr., of Mahon, Mahon & Farley, Jacksonville, for appellant.
Douglas D. Chunn and Haywood M. Ball, of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Apellant Hines seeks reversal of an order dismissing, with prejudice, his complaint against appellee-Reichhold Chemicals, Inc., alleging injuries caused through Reichhold's negligent or intentional discharge of poisonous chemicals into the atmosphere. The issues are whether the complaint was sufficient to allege a cause of action for negligent or intentional injury upon which to base Hines' claims for compensatory and punitive damages for personal injuries, and whether the complaint was subject to dismissal, as asserted by appellee, for failure to allege any specific duty owed by Reichhold to Hines. We find the complaint was sufficient to withstand a motion to dismiss, and reverse.
The third amended complaint alleges that appellee is engaged in the business of manufacturing and packaging certain chemical substances and that for at least the past four years, it has been negligently discharging various toxic chemicals into the atmosphere, with knowledge of their toxicity, and with knowledge that these substances were dangerous to persons in the vicinity, as it had been made aware by numerous complaints. It is further alleged that Hines, from April 14, 1977 through December, 1977, was regularly employed as program director for WSNY Radio, which operates from a location immediately adjacent to Reichhold's manufacturing site, and which has been subjected to the toxic discharges for the past four years. Hines alleges that as a proximate result of Reichhold's negligence, he has been subjected to the toxic chemicals while he was necessarily present at the radio station, as a consequence of which he suffered various painful physical ailments, incurred medical expenses, and lost wages through his inability to work. It is alleged that the injuries are either permanent or continuing in nature, and that Hines will suffer from said injuries in the future. Finally, Hines' complaint alleges that Reichhold was aware of the toxicity of the chemicals it was discharging into the atmosphere, was aware of the damages that could result therefrom, and notwithstanding such knowledge, did *950 willfully, and intentionally, without regard to Hines' rights, continue to discharge the chemicals into the atmosphere, knowing of their dangerous nature, and knowing that it was causing physical injury and damage to plaintiff and other persons in the vicinity.
We conclude that the complaint sufficiently alleges a cause of action for negligent or intentional injury to appellant. Appellee based its motion to dismiss primarily upon its contention that the complaint fails to allege ultimate facts showing the existence of a duty owed by appellee to appellant. We do not agree with appellee's contention that the complaint alleges only a duty to the general public. On the contrary, we think the allegations are sufficient to show the existence of a duty owed by appellee-Reichhold to the appellant. Appellee admits that pollution of the atmosphere through negligent operations may, under certain circumstances, be grounds for the recovery of damages by persons injured by the presence of the pollutants. Appellee also acknowledges that an owner or occupant who negligently permits harmful gases or fumes to escape is liable in damages for injuries to persons proximately caused by such gases or fumes, citing 54 ALR 2d 764, 766. Appellee further argues, however, that the mere circumstance of the giving off of fumes and gases is not negligence. On this point appellee cites Kelley v. National Lead Co., 240 Mo. App. 47, 210 S.W.2d 728 (1948), and Texas Co. v. Brown, 82 S.W.2d 1101 (Tex.Civ.App. 1935).
From Texas Co. v. Brown, supra, appellee extracts the statement that liability "must be predicated upon failure of the party charged to discharge some duty imposed upon him." (Id. at 1105) Our reading of the opinion, however, discloses that the above statement was only a part of the response made by the court to the contention of the Texas Company that it could not have foreseen any danger to the injured plaintiff, and that no duty rested upon it to guard against a danger unknown to it. The court further stated (Id. 1105):
And liability for injuries inflicted is dependent upon whether the injuries suffered were of such character as the defendant could or should have foreseen them in the exercise of ordinary care under the circumstances of the particular case ... [citations omitted]. But it is not essential that the party charged should have anticipated the particular injury inflicted nor the particular manner in which it occurred. It is within the rule of liability if he should have reasonably foreseen that some similar injury would probably result ... [citations omitted]. Under these circumstances we do not think it was essential that appellant should have actually known of the existence of this particular cellar at the particular location. The danger from the gas escaping from appellant's well settling on a damp day in any low place in the vicinity thereof, and of becoming ignited and injuring someone, was the criterion of appellant's conduct in releasing it into the open air... .
Thus, in Texas Co., recovery was allowed for the death of the occupant of a home who was fatally burned in an explosion of gas which had leaked from the defendant's nearby gas well into the basement of the decedent's home. It appears to us that both the facts and the exposition of the law in that case support the cause of appellant here, rather than appellee.
A jury verdict for one of the plaintiffs in Kelley v. National Lead Co., supra, was reversed, upon a determination by the court that the plaintiff had failed to prove a cause of action for negligence on the part of the defendant company, based upon the action of the company in permitting gases, fumes and chemical particles to be emitted from its chemical plant and discharged over the neighborhood where the plaintiff resided. The rationale upon which the court reached its decision is somewhat complex. The court held that the principle of Fletcher v. Rylands, L.R. 1 Exch. 265, L.R. 3 H.L. 330, was not recognized as the law of Missouri. Fletcher v. Rylands holds that one, who for his own purposes collects and keeps anything upon his land which is likely to do mischief if it escapes, must keep it at his *951 peril, and if he does not do so is prima facie liable for all the damage which is the natural consequence of its escape. However, the court determined, while the complaint was drawn on the Fletcher v. Rylands principle, the plaintiffs abandoned their reliance upon the mere fact of the escape of the fumes and gases, and attempted to prove their case based upon the theory that the defendant had permitted the harmful fumes and gases to escape, when, in the exercise of ordinary care, it could have remedied or prevented their escape, but failed to do so. On appeal, the court observed that the plaintiffs "practically concede" that they made no case of any sort by their evidence, unless under the doctrine of Fletcher v. Rylands. Much of the evidence, and the court's discussion of the case, was concerned with the existence of a device known as the "Cottrell Precipitator." Since the device was not available at the time of plaintiffs' injury, defendant was not guilty of any breach of duty to plaintiffs by failing to have one installed. The court finally determined that the plaintiffs erroneously proceeded upon the theory of negligence, and that their remedy was for recovery upon the theory of nuisance. In this connection, the court stated (Id., 210 S.W.2d at 735):
... It is well recognized that for one to permit fumes and gases to escape from his premises and be deposited on the premises of another to his injury and damage may constitute an actionable wrong in the maintenance of a nuisance... .
The jury verdict for plaintiffs was therefore reversed and the cause remanded for a new trial on the theory of nuisance.
Although Kelley v. National Lead Co. is helpful to appellee because of the similarity of its facts, and the pronouncements regarding the requirements for proof of negligence under the circumstances, we entertain serious doubt that its holding is to be accorded a great deal of weight under present day circumstances. In this connection, we note particularly that the events of that case took place during a period when the United States was at war, and the company's production of the particular chemicals involved was under direct orders from the government, as a wartime measure. We also observe that the decision in that case did not turn upon the pleadings, but rather upon the court's determinations regarding the legal effect of the evidence after trial, and we will not apply that decision so as to hold the complaint under consideration insufficient for failure to state a cause of action. We further note, however, dicta in Page v. Niagara Chemical Division etc., 68 So.2d 382 (Fla. 1953), indicating that Hines may have a cause of action in Florida on the theory of nuisance, as did the court in Kelley, under the circumstances alleged. See also 58 Am.Jur.2d, Nuisances, § 104. Since Hines' complaint sounds in negligence or intentional tort, rather than nuisance, we find it unnecessary to rule upon this question.
The case of Union Carbide & Carbon Corp. v. Peters, 206 F.2d 366 (4th Cir.1953), also cited by appellee, is neither factually nor legally related to the issues presented here. We also find that appellee has misapplied Florida First National Bank v. City of Jacksonville, 310 So.2d 19 (Fla. 1st DCA 1975). The discussion in that case concerning the element of "duty" in negligence cases as "something more than the duty which is owed to the public generally," is a principle of law formerly applicable to the tort liability of municipalities. Of course, the principles of liability for governmental agencies has most recently been restated in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
Finally, appellee's contention that the complaint fails to allege that appellee "knew its emissions were dangerous and causing harm to the plaintiff," is without merit. The complaint sufficiently alleges that appellee knew its emissions were dangerous to persons in the vicinity, was aware of the damages that could result from its discharges, and knew that it was causing physical injury and damage to plaintiff and other persons in the vicinity.
*952 Although the complaint does not mention it, Section 386.041(1)(a), Florida Statutes (1977), makes it a misdemeanor to permit or cause the emission of gases and noisome odors which are harmful to human or animal life. The violation of a penal or criminal statute is actionable negligence, or, as frequently stated, is negligence per se. 23 Fla.Jur., Negligence, § 69. Under the present state of the pleadings we think plaintiff would be entitled to present evidence of violation of the statute, and under proper jury instructions the jury could consider such evidence on the issue of negligence. Upon remand, appellant should be given an opportunity to amend his complaint by reference to the statute, which, incidentally, has been cited to the court by appellant in support of this appeal.
For the foregoing reasons, the final order of dismissal is reversed, and this cause is remanded for further proceedings.
McCORD and SHIVERS, JJ., concur.