778 So.2d 264 (2000)
STANDARD JURY INSTRUCTIONS-CIVIL CASES (99-1).
No. SC95396.
Supreme Court of Florida.
July 6, 2000.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) has submitted to this Court proposed amendments to the Florida Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const; see also Fla. R. Civ. P. 1.985.
The committee published the proposed new and revised instructions at issue in The Florida Bar News at various times, and comments were received. The proposals were again published in The Florida Bar News on September 15, 1999, and more comments were received. The committee's proposals are as follows:
Proposal 1: New Instruction on Documentary, Photographic, or Physical Evidence
Proposal 2: New Instruction on Publishing Evidence to the Jury
Proposal 3: New Instruction Regarding Visual or Demonstrative Aids
Proposal 4: New Instruction Regarding Note-taking by Jurors
Proposal 5: Revised Instruction on Violation of a Traffic Regulation
Proposal 6: Revised Notes on the Use of Instruction on Interference With a Contract Not Terminable at Will
Proposal 7: Revised Notes and Revised Instruction on Interference With a Contract Terminable at Will or With a Prospective Business Relationship
Proposal 8: Revised Notes and Instruction on Strict Product Liability
We hereby authorize the publication and use of the new and revised instructions as set forth, with minor modifications, in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
Finally, in light of recently enacted section 40.50(2), Florida Statutes (1999), and recent innovations in jury trial procedures in other jurisdictions, we refer the issue of juror note-taking to the Civil Procedure Rules Committee.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

[1: New Instruction on Documentary, Photographic or Physical Evidence]

1.5

INSTRUCTION WHEN FIRST ITEM OF DOCUMENTARY, PHOTOGRAPHIC OR PHYSICAL EVIDENCE IS ADMITTED
The (describe item of evidence) has now been received in evidence. Witnesses may testify about or refer to this or any *265 other item of evidence during the remainder of the trial. This and all other items received in evidence will be available to you for examination during your deliberations at the end of the trial.

NOTE ON USE
This instruction should be given when the first item of evidence is received in evidence. It may be appropriate to repeat this instruction when items received in evidence are not published to the jury. It may be combined with 1.6 in appropriate circumstances. It may also be given in conjunction with 1.7 if a witness has used exhibits which have been admitted in evidence and demonstrative aids which have not.

[2: New Instruction on Publishing Evidence to the Jury]

1.6

INSTRUCTION WHEN EVIDENCE IS FIRST PUBLISHED TO JURORS
The (describe item of evidence) has been received in evidence. It is being shown to you now to help you understand the testimony of this witness and other witnesses in the case, as well as the evidence as a whole. You may examine (describe item of evidence) briefly now. It will also be available to you for examination during your deliberations at the end of the trial.

NOTE ON USE
This instruction may be given when an item received in evidence is handed to the jurors. It may be combined with 1.5 in appropriate circumstances.

[3: New Instruction Regarding Visual or Demonstrative Aids]

1.7

INSTRUCTION REGARDING VISUAL OR DEMONSTRATIVE AIDS

a. Generally
This witness will be using (identify demonstrative or visual aid(s)) to assist in explaining or illustrating [his][her] testimony. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is][are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.

b. Specially created visual or demonstrative aids based on disputed assumptions
This witness will be using (identify demonstrative aid(s)) to assist in explaining or illustrating [his][her] testimony. [This] [These] item[s][has] [have] been prepared to assist this witness in explaining [his][her] testimony. [It] [They] may be based on assumptions which you are free to accept or reject. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is][are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.

NOTE ON USE
1. Instruction 1.7a should be given at the time a witness first uses a demonstrative or visual aid which has not been specially created for use in the case, such as a skeletal model.
2. Instruction 1.7b is designed for use when a witness intends to use demonstrative or visual aids which are based on disputed assumptions, such as a computer-generated model. This instruction should be given at the time the witness first uses these demonstrative or visual aids. This instruction should be used in conjunction with 1.5 or 1.6 if a witness uses exhibits during testimony, some of which are received *266 in evidence, and some of which are not.

[4: New Instruction Regarding Note-taking by Jurors]

1.8

NOTE-TAKING BY JURORS

a. Note-taking permitted
If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror's memory of the evidence.

NOTES ON USE
1. It is within the court's discretion to allow the jurors to take notes. Kelley v. State, 486 So.2d 578 (Fla.1986). If note-taking is allowed, the court should furnish all jurors with the necessary pads and pens for taking notes. Additionally, it may be desirable for jurors to be furnished with envelopes to place the notes in for additional privacy.
2. Note-taking permitted, 1.8a, should be given as part of preliminary instructions when the judge has decided to allow jurors to take notes.

b. Note-taking not permitted
A question has arisen as to whether jurors may take notes. You are instructed not to take notes. One of the reasons for having several persons on the jury is to gain the advantage of your individual memories concerning the evidence. A juror engrossed in note-taking may miss evidence or fail to appreciate the demeanor of a witness. Additionally, there may be a tendency for jurors to rely on others' notes and be less attentive during the trial or during deliberations to abandon their recollections of the evidence in favor of the written notes of another.

NOTES ON USE OF 1.8b
Note-taking not permitted, 1.8b, may be given at any time during the trial the question is raised or as part of the preliminary instructions.

[5: Revised Instruction on Violation of a Traffic Regulation]

4.11

VIOLATION OF TRAFFIC STATUTE, ORDINANCE OR REGULATION EVIDENCE OF NEGLIGENCE

Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.

Violation of this [statute] [ordinance] [regulation] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic [statute] [ordinance] [ regulation], you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.

*267 NOTE ON USE
This charge is to be used for the violation of both traffic and nontraffic regulations, ordinances, or codes where the violation constitutes evidence of negligence, for example: (1) building code violations, see Lindsey v. Bill Arflin Bonding Agency, Inc., 645 So.2d 565 (Fla. 1st DCA 1994); Morowitz v. Vistaview Apartments, Ltd., 613 So.2d 493 (Fla. 3d DCA 1993); Holland v. Baguette, Inc., 540 So.2d 197 (Fla. 3d DCA 1989); (2) OSHA regulations, see Jupiter Inlet Corp. v. Brocard, 546 So.2d 1 (Fla. 4th DCA 1988);(3) governmental statutes or ordinances, see Gabriel v. Tripp, 576 So.2d 404 (Fla. 2d DCA 1991) (statutory violation making it unlawful to knowingly transmit a sexually transmissible disease); Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985) (violation of residential Landlord Tenant Act, § 83.51, Fla. Stat. (1983)); Walt Disney World Co. v. Merritt, 404 So.2d 1077 (Fla. 5th DCA 1981) (violation of State Fire Marshal's Rules and Regulations); Hines v. Reichhold Chemicals, Inc., 383 So.2d 948 (Fla. 1st DCA 1980) (statutory violation of emission of gases and noxious odors); Jones v. Florida East Coast R.R. Co., 220 So.2d 922 (Fla. 4th DCA 1969) (violation of municipal ordinance requiring railroad crossing signals); Conroy v. Briley, 191 So.2d 601 (Fla. 1st DCA 1966) (violation of city ordinance regarding handrail on stairways); Florida East Coast Railway Co. v. Pollack, 154 So.2d 346 (Fla. 3d DCA 1963) (city ordinance regulating speed of trains within municipal limits).
This charge should not be given if the statute or ordinance in question provides that its violation is not evidence of negligence. E.g., § 316.613, Fla. Stat. (19871997) (failure to provide and use a child passenger restraint inadmissible in civil action as evidence of negligence). The committee takes no position on the effect on SJI 6.14 of § 316.614(10), Fla. Stat. (1987) (violation of seat belt statute not negligence per se nor "prima facie" evidence of negligence in civil action).

COMMENT
This instruction was revised to render it applicable in a generic sense to all statutory or regulatory violations which are determined to constitute evidence of negligence, in addition to violations of traffic regulations. For instruction related to statute or ordinance violations which constitute negligence per se, see charge 4.9. See Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936); Allen v. Hooper, 126 Fla. 458, 171 So. 513 (1937); Clark v. Summer, 72 So.2d 375 (Fla.1954).

[6: Revised Notes on the Use of Instruction on Interference With a Contract Not Terminable at Will]

MI 7.1

INTERFERENCE WITH A CONTRACT NOT TERMINABLE AT WILL
The issues for your determination on the claim of (claimant) against (defendant) are whether (defendant) interfered with a contract between (claimant) and (name) and did so intentionally; and, if so, whether such interference caused damage to (claimant).
A person interferes with a contract between two [or more] other persons if he induces or otherwise causes one of them to breach or refuse to perform the contract.
Intentional interference with another person's contract is improper. Interference is intentional if the person interfering knows of the contract with which he is interfering, knows he is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
If the greater weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of *268 (claimant), then your verdict should be for (claimant) and against (defendant).
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [or] [damage] as was caused by the intentional interference. Such interference is the cause of [loss] [or] [damage] if it directly and in a natural continuous sequence produces or contributes substantially to producing such [loss] [or] [damage].

Note on use of MI 7.1 NOTE ON USE
Give MI 7.1 only in cases involving a contract not terminable at will. Ordinarily, the question of terminability would seem to be a question of law, but, if needed If there are factual disputes as to the existence or nonterminable nature of the contract, a charge submitting actual issues on that those subjects should must precede the court's use and the jury's application of MI 7.1. If one or more of these threshold issues may be determined as a matter of law, the court must do so before submitting the case to the jury.

Comments on MI 7.1
1. For simplicity, the Committee expressed the opposite characterizations, "tortious" or "wrongful" interference vs. "justified" or "privileged" interference, as "improper" vs. "proper" interference. Depending on the nature of the interference and the relations between claimant and the third party, the burden of proof on this element may be either upon claimant, to prove the interference was wrongful, or upon defendant, to prove it was justified. See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985); Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), review denied, 411 So.2d 383 (Fla.1981); Heavener, Ogier Services, Inc. v. R.W. Florida Region, Inc., 418 So.2d 1074 (Fla. 5th DCA 1982); Berenson v. World Jai-Alai, Inc., 374 So.2d 35 (Fla. 3d DCA 1979), disapproved on other grounds in, Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985). See also Restatement (Second) of Torts §§ 767 et seq.
2. MI 7.1 is intended to apply to the majority of cases where the issue to be determined is whether the defendant has intentionally interfered with a contract not terminable at will. In most such cases, there is no "justification" or "privilege"; therefore if the interference is "intentional," it is likewise "improper." However, in certain relatively rare factual situations, interference with a contract not terminable at will may be justified or privileged and, therefore, proper even though intentional. E.g., Restatement (Second) of Torts §§ 770 ("Actor Responsible for Welfare of Another"), 772 ("Advice as Proper or Improper Interference"), 773 ("Asserting Bona Fide Claim"), 774 ("Agreement Illegal or Contrary to Public Policy"). See generally Restatement (Second) of Torts § 767; W. Prosser, Law of Torts, §§ 129, 942-44 (4th ed.1971). In such cases, MI 7.2 may be used as a starting point for a proper charge.
[7: Revised Notes and Revised Instruction on Interference With a Contract Terminable at Will or With a Prospective Business Relationship]

MI 7.2

INTERFERENCE WITH CONTRACT TERMINABLE AT WILL OR WITH PROSPECTIVE BUSINESS RELATIONS; COMPETITION OR FINANCIAL INTEREST DEFENSE
The issues for your determination on the claim of (claimant) against (defendant) are whether (defendant) interfered with business relations between (claimant) and (name) and did so improperly and intentionally; and if so, whether *269 such interference caused damage to (claimant).
The first question is whether (defendant) interfered with (claimant's) business relations with (name) by inducing or otherwise causing (name) [not to enter into a contract with (claimant)] [not to continue doing business with (claimant)] [to terminate or bring to an end a contract which (name) was not bound to continue with (claimant)] [(describe other interference)].
If (defendant) did [interfere with (claimant's) business relations with (name)] [cause (name) to cease doing business with (claimant)], then the next question is whether, as contended by (claimant), the interference by (defendant) was improper. A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another person is entitled to [compete for the business]N.1 [or]N.2 [advance his own financial interest]N.2 so long as he has a proper reason or motive and he uses proper methods.
A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]N.2 his own business [or financial]N.2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and his interference is improper.
So also, a person who interferes with another's business relations using ordinary business methods [of competition]N.1 does not interfere by an improper method. But one who uses [ physical violence], [ misrepresentations], [ illegal conduct] or [ threats of illegal conduct], and the like, [or] [ (identify other improper conduct)]N.4 has no privilege to use those methods, and his interference using such methods is improper.
If (defendant's) interference was improper, the last question is whether it was intentional as well. Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
If the greater weight of the evidence does not support the claim of (claimant), [that (defendant) intentionally interfered with (claimant's) [contract] [business relationship] with (name),]N.3 then your verdict should be for (defendant).
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence of the case.
[However, if the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense of (defendant). On the defense, the issue for your determination is whether (defendant) acted properly in interfering as he did.]N.3
If the greater weight of the evidence [does not support the defense of (defendant) and the greater weight of the evidence]N.3 does support the claim of (claimant), then your verdict should be for (claimant).
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [or] [damage] as was caused by the intentional interference. Such interference is the cause of [loss] [or] [damage] if it directly and in a natural and continuous sequence produces or contributes substantially to producing such [loss] [or] [damage].

*270 Notes on use of MI 7.2 NOTES ON USE
1. The bracketed phrases marked N.1 should be given only in cases involving a competition defense and not in cases involving only a financial interest defense.
2. The bracketed phrases marked N.2 should be given only when there is a factual issue of whether the defendant interfered to protect his own financial interest in the business of another.
3. The bracketed phrases and sentences marked N.3, in three consecutive paragraphs, are to be given only when the court has determined that justification is an affirmative defense on which defendant has the burden of proof. Omitting this bracketed material requires claimant to prove not only that defendant intentionally interfered but also that the interference was wrongful.
4. Pending further development of the law, the committee takes no position as to whether "improper conduct" must either violate a statute or constitute a separate tort. As such, if the complained of conduct fits neither category, MI 7.2 should not be given until the trial judge determines that the alleged conduct is sufficiently egregious to constitute "improper conduct." If this issue cannot be determined as a matter of law, an additional charge must be given that identifies the factors the jury must consider in determining whether the method of interference is "improper." See, e.g., Restatement (Second) of Torts § 767.
5. In cases where a claimant alternatively asserts that the contract is either terminable or nonterminable (or involves a prospective business relation), the court should give additional instructions to explain the distinctions between MI 7.1 and MI 7.2 and to assist the jury in determining how to apply these alternative instructions and their different standards.

Comment on MI 7.2
The two most common bases for interference claimed to be "proper" or "improper" are the defendant's competitive purposes or his financial interest in the business of the third person whose relationship with claimant was interrupted. See Restatement (Second) of Torts §§ 768, 769. The Committee therefore includes in MI 7.2 the substance of issues to be considered in those situations. The Committee has been unable to express comprehensively the substance of issues, e.g., Restatement § 767, which may control other cases. In such cases MI 7.2 may be used as a starting point for a proper charge.

[8: Revised Notes and Instruction on Strict Product Liability]

PL

PRODUCT LIABILITY

NOTE ON USE
This Part PL PRODUCT LIABILITY is intended to serve the same purposes, in cases involving asserted product liability based on concepts other than negligence, as are served in negligence cases by Part III ISSUES and Part IV NEGLIGENCE. When alternative issues of negligence are to be submitted, use Charge 3.5 on Negligence Issues, as in Model Charge No. 47.
The issues for your determination on the claim of (claimant) against (defendant) are whether the (describe product) [sold] [supplied] by (defendant) was defective when it left the possession of (defendant) and, if so, whether such defect was a legal cause of [loss] [injury] [or] [damage] sustained by (claimant or person for whose injury claim is made). A product is defective

PL 1 express warranty
if it does not conform to representations of fact made by (defendant), orally or in writing, in connection with the [sale] [transaction], on which (name) relied in the [purchase and] use of the product. [Such a representation *271 must be one of fact, rather than opinion.]

PL 2 implied warranty of merchantability
if it is not reasonably fit for the uses intended or reasonably foreseeable by (defendant).

PL 3 implied warranty of fitness for particular purpose
if it is not reasonably fit for the specific purpose for which (defendant) knowingly sold the product and for which the purchaser bought the product in reliance on the judgment of (defendant).

PL 4 strict liability (manufacturing flaw)
if it is in a condition unreasonably dangerous to [ the user] [a person in the vicinity of the product]* and the product is expected to and does reach the user without substantial change affecting that condition.

PL 5 strict liability (design defect)
if by reason of its design the product is in a condition unreasonably dangerous to [ the user] [a person in the vicinity of the product]* and the product is expected to and does reach the user without substantial change affecting that condition.
A product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [or] [the risk of danger in the design outweighs the benefits].
If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant).
[However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant)].
** [However, if the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense raised by (defendant). On the defense, the issues for your determination are (state defense issues)].
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

NOTE ON USE
*When the injured person is a bystander, use the language in the second pair of brackets. See West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla.1976), and Sanchez v. Hussey Seating Co., 698 So.2d 1326 (Fla. 1st DCA 1997).
**When defense issues are to be submitted, use the charge contained within this second pair of brackets. In other cases, use the first bracketed sentence instead.

COMMENT
1. Privity. These charges on product liability issues presuppose that any question of privity has been resolved in favor of the claim. For the effect of strict liability doctrine on claims of warranty previously requiring privity, see § 672.318, Florida Statutes (1987), and Kramer v. Piper Aircraft Corp., 520 So.2d 37, text at 39 and n. 4 (Fla.1988). Should it be necessary to submit to the jury a factual issue on privity, the committee recommends that it be submitted in the style of a preliminary charge on status or duty as in SJI 3.2.
2. Strict liability (Restatement of Torts 2d § 402A). Charge PL 4, derived from § 402A as adopted in West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla.1976), is appropriate for a strict liability claim against the manufacturer based on an alleged manufacturing flaw in the product. In response to Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 n. 4 (Fla.1981), directing the committee to improve its product liability charge, the committee recommends *272 PL 5 for design defect cases, stating standards for determining when a product is "unreasonably dangerous" because of design.
PL 5 defines "unreasonably dangerous" both in terms of consumer expectations, see comment i to § 402A of the Restatement, and in terms weighing the design risk against its utility, as expressed in decisions from other jurisdictions. See, e.g., Cassisi v. Maytag Co., 396 So.2d 1140, 1145 (Fla. 1st DCA 1981) (dicta), quoting Barker v. Lull Engineering Co., 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443 (1978). Absent more definitive authority in Florida, the committee recommends neither test to the exclusion of the other and expresses no opinion about whether the two charges should be given alternatively or together. PL 5 provides language suitable for either standard, or both, determined by the trial court to be appropriate.
The committee is of the view that, in Florida, the ultimate burden of persuasion in cases submitted to the jury remains with the plaintiff. West, 336 So.2d at 87; but see Barker, 143 Cal.Rptr. 225, 573 P.2d at 455-56, quoted in Cassisi, 396 So.2d at 1145. PL 5 therefore allocates that burden to the plaintiff. The charge is not intended to control issues of the burden of proof or sufficiency of the evidence for directed verdict purposes.
Pending further development of Florida law, the committee reserved the question of whether there can be strict liability for failure to warn and, if so, what duty is imposed on the manufacturer or seller.
3. Obvious defects, opportunity to inspect, disclaimers. These concepts are not covered by the standard charges. See Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla.1979).
4. Uniform Commercial Code. There are many open questions concerning the meaning and application in Florida personal injury litigation of certain U.C.C. provisions. Compare Schuessler v. Coca-Cola Bottling Company of Miami, 279 So.2d 901 (Fla. 4th DCA 1973), with Ford Motor Co. v. Pittman, 227 So.2d 246 (Fla. 1st DCA 1969), cert. denied, 237 So.2d 177 (Fla.1970). Accordingly, the committee has not undertaken to express U.C.C. concepts, as such, in these jury charges. A U.C.C. provision which is held to be applicable may be read or appropriately paraphrased for the jury. In order to avoid undue emphasis, the committee recommends that the provision read or paraphrased not be identified as a statute.
5. Contributory (comparative) negligence. Comparative negligence is a defense to strict liability claims if based on grounds other than the failure of the user to discover the defect or to guard against the possibility of its existence. West v. Caterpillar, supra n. 2. Model charge 6 illustrates the defense of contributory (comparative) negligence in a negligence/express warranty action against a retailer and model charge 7 illustrates the same defense in a negligence/strict liability action against a manufacturer and retailer.
6. The committee takes no position regarding whether the injured bystander must be foreseeable. See West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).